**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES RAYMOND WHEELER,

      Petitioner - Appellant,

      v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent - Appellee.

No. 09-9007

(United States Tax Court)

(D.C. No. Tax Court No. 15205-08L)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is the third time petitioner and appellant Charles Raymond Wheeler has been before our court, and this appeal flows from those prior cases. We

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

explain the substance of those decisions below when we explain the procedural history of Mr. Wheeler's interactions with the Internal Revenue Service ("IRS"). For purposes of this particular case, the procedural history is as follows:

On May 20, 2008, the IRS Office of Appeals issued to Mr. Wheeler a "Notice of Determination Concerning Collection Action(s) Under [26 U.S.C. §§] 6320 and/or 6330" (the Internal Revenue Code). The Notice sustained the proposed collection by levy of Mr. Wheeler's unpaid income taxes for the years 1994 through 2001 and 2003, as well as penalties for failing to file timely income tax returns and to pay estimated taxes, and for making frivolous arguments in the Tax Court.

Mr. Wheeler timely challenged the Notice by filing a petition in the Tax Court on June 20, 2008. The Commissioner of the IRS filed a motion for summary judgment and, on March 25, 2009, the Tax Court entered an order and decision, granting summary judgment to the Commissioner, stating that the proposed collection could proceed. This appeal followed, in which we affirm the decision of the Tax Court.

## BACKGROUND

### I. Underlying Tax Litigation:

As indicated, Mr. Wheeler failed to file income tax returns for the 1994-2001 and the 2003 tax years. The Commissioner determined that Mr. Wheeler

had deficiencies in income tax for those years and issued notices of deficiency, asserting not only the deficiencies in tax but also asserting that Mr. Wheeler was liable for additions to tax for failing to timely file tax returns and for failing to pay estimated taxes, in accordance with 26 U.S.C. §§ 6651(a) and 6654. Mr. Wheeler challenged the notices of deficiencies in three proceedings in the Tax Court, one with respect to the 1994-2000 years, one for the 2001 tax year, and one for the 2003 tax year.

The cases involving the 1994-2000 and the 2001 tax years were consolidated, and the Tax Court found Mr. Wheeler liable for the deficiencies and additions to tax asserted against him for the years 1994-2001. Wheeler v. Commissioner, T.C. Memo. 2006-109. The Tax Court found similarly with respect to Mr. Wheeler's 2003 taxes. Wheeler v. Commissioner, 127 T.C. 200 (2006).[1] The Tax Court's two decisions also determined that Mr. Wheeler was liable for sanctions, pursuant to 26 U.S.C. § 6673, which provides a penalty in cases where a taxpayer has instituted proceedings for delay and has made frivolous and groundless arguments.

This court affirmed the Tax Court's decisions in Wheeler v. Commissioner, 521 F.3d 1289 (10th Cir. 2008) (involving tax year 2003), and Wheeler v. Commissioner, 528 F.3d 773 (10th Cir. 2008) (involving tax years 1994-2001).

---

[1]The Tax Court in this case did not find Mr. Wheeler liable for the penalty asserted against him pursuant to 26 U.S.C. § 6673.

In the latter appeal, we awarded $4,000 in sanctions against Mr. Wheeler because of the "frivolous nature" of his appeal.  Wheeler, 528 F.3d at 782-84.

**II.  The IRS's Collection Efforts:**

The case before us now involves the IRS's efforts to collect from Mr. Wheeler the taxes and liabilities as determined in the underlying tax litigation.  Accordingly, on April 6, 2007, the IRS assessed Mr. Wheeler's taxes and additions to tax for the years 1994-2001 and sent a notice and demand to him for those amounts.  On the same date, the IRS assessed the $3,000 penalty determined by the Tax Court under 26 U.S.C. § 6673.  A notice and demand for the penalty amount was issued on July 2, 2007.

On June 21, 2007, the IRS assessed Mr. Wheeler's tax and additions to tax for the year 2003 and issued a notice and demand for the penalty.  On August 25, 2007, the IRS sent to Mr. Wheeler a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (a collection due process ("CDP") notice).  The IRS informed Mr. Wheeler that it intended to levy to collect his unpaid taxes and penalties for the years 1994-2001 and 2003, as well as the penalties under 26 U.S.C. § 6673.  Mr. Wheeler timely submitted a request for a CDP hearing.

Although the IRS contacted Mr. Wheeler to offer a scheduled date for a telephonic CDP hearing, Mr. Wheeler requested a face-to-face hearing.  Michael Jeka, an Appeals Settlement Office in Denver, Colorado, wrote to Mr. Wheeler to

offer to meet with him on April 9, 2008, for a face-to-face CDP hearing. Mr. Jeka's letter pointed out that Mr. Wheeler had apparently not filed income tax returns for 2006 and 2007 and informed him that he would have to be current in all of his income tax return filings in order to obtain any kind of collection relief. Mr. Jeka also informed Mr. Wheeler of the need to complete an IRS Form 433-A in order to provide collection information, and of the need to substantiate any attempts he had made to borrow money to pay the sums of money the IRS sought to collect.

At Mr. Wheeler's request, the CDP hearing was rescheduled from April 9, 2008, to April 16, 2008. Mr. Wheeler and an attorney, Tom Hoeflinger, came to the meeting with Mr. Jeka on that date. Mr. Wheeler indicated that he wanted to resolve matters and that he was attempting to sell his house. He provided information on his dealings with the IRS, including a complaint that he had been treated "very rudely" by an IRS employee whom he had questioned the bases for the imposition of income taxes. Mr. Wheeler denied, however, that he intended to make any constitutional challenge to the taxing system, and he and Mr. Jeka agreed that Mr. Wheeler needed to consider his options for paying the amounts that the IRS intended to collect by levy.

Mr. Jeka asked Mr. Wheeler to propose, by April 21, 2008, how he wanted to proceed in this matter. That deadline was extended to April 30. In the meantime, Mr. Jeka sent to Mr. Wheeler copies of his tax account transcripts by

letter dated April 23. On May 2, 2008, Mr. Jeka talked to Mr. Wheeler and reminded him of the various possibilities for paying his unsatisfied liabilities without being subject to levy.

On May 5, 2008, Mr. Jeka received a faxed letter from Mr. Wheeler in which he stated that he was being "stonewalled" by the IRS, that he did not have the means to pay the taxes at issue, and that paying the taxes sought by the IRS would require him to sell his house, which would "destroy [his] marriage of 34 years" and leave him to "live like a pauper." Jeka Decl., Ex. W, Appellant's App. Mr. Wheeler also stated that he could not "in good conscience concede owing the IRS these amounts." Id. He further asserted that the account transcripts that Mr. Jeka had provided to him showed problems "with the tax information and the administration of the accounts contained on the account summary transcripts themselves." Id. Mr. Wheeler also indicated that he was submitting a Freedom of Information Act ("FOIA") request for more information about his accounts and requested that Mr. Jeka "table" his CDP hearing until Mr. Wheeler had received and could evaluate the additional information he sought.

Mr. Jeka verified that the IRS had properly assessed the amounts it sought to collect from Mr. Wheeler, that it had properly issued notice and demand for those amounts, that Mr. Wheeler had had an opportunity to pay voluntarily the amounts, but that the amounts remained unpaid, and that Mr. Wheeler offered no alternative to the proposed collection action. On May 20, 2008, the IRS issued

Mr. Wheeler a notice of determination that collection could proceed.

Mr. Wheeler filed a timely petition to challenge the determination in the Tax Court.

Mr. Wheeler's petition in the Tax Court alleged, *inter alia*, that the tax account transcripts provided to him by Mr. Jeka did not "support the quantitative amounts" set out in the "Notice of Lien" for any of the tax periods at issue, that no taxes had been assessed, that only penalties and interest had been assessed, and that additions to tax were improper because "there is no statement indicating Form 1040 is in compliance with the clearance requirements of 44 U.S.C. § 3507," and "Form 1040 is not compliant with the Paperwork Reduction Act of 1995." After the Commissioner filed an answer, the case was set for trial on February 23, 2009.

The Commissioner then filed a motion for summary judgment and for sanctions under 26 U.S.C. § 6673. The Commissioner's motion included the declaration of Mr. Jeka, who stated that he had verified the assessments of Mr. Wheeler's taxes for the years 1994-2001 and 2003, as well as the sanctions imposed on Mr. Wheeler under 26 U.S.C. § 6673, that he had verified that the IRS had issued a notice and demand to Mr. Wheeler for the assessed amounts, that he had verified that those amounts were unpaid at the time that the IRS issued its notice of proposed collection, that Mr. Wheeler had timely requested a CDP hearing, and that, during the course of that hearing, Mr. Wheeler had offered no

alternatives to collection of the unpaid amounts by means of levy. Attached to Mr. Jeka's declaration were documents that he had obtained and reviewed as part of the CDP hearing, as well as a report of his dealings with Mr. Wheeler. The documents included copies of computer-generated transcripts of account, and copies of correspondence with Mr. Wheeler. The Jeka declaration was also accompanied by certified transcripts of Mr. Wheeler's accounts for all of the taxes and penalties sought to be collected.

Mr. Wheeler opposed the Commissioner's motion for summary judgment. He submitted computer-generated transcripts of accounts that he had obtained from the IRS by means of his FOIA request, and argued that those transcripts demonstrated that the IRS had assessed no taxes for the years in issue, but only penalties and interest. He further claimed that the IRS had wrongly prepared "substitute for returns" for the relevant years, and he argued that such returns were invalid because they lacked statutory authorization. Mr. Wheeler also argued that the "substitutes for returns" showed him to have zero income, and he thus asserted that he was not required to file income tax returns and was not subject to penalty for failing to do so. He theorized that the amounts assessed against him constituted an improper 100% penalty. He also asserted that "IRS employees proffered inaccurate and misleading declarations and official statements" to mislead the court. Pet'r's Resp. to Mot. for S.J.

The Tax Court issued an order and decision granting the Commissioner's motion for summary judgment but denying the motion insofar as it sought an award of sanctions under 26 U.S.C. § 6673. In its order, the Tax Court discussed the history of Mr. Wheeler's failure to file tax returns, his subsequent litigation of his tax liabilities, and his participation in a CDP hearing in which he failed to raise "any genuine issues" and refused to concede that he owed the taxes sought by the IRS. The court found that the requirements of 26 U.S.C. § 6330(c) had been met in the conduct of Mr. Wheeler's CDP hearing, and that Mr. Wheeler had failed to "raise bona fide issues or any genuine issue relating to a material fact" in the Tax Court. The Tax Court accordingly granted the Commissioner's motion for summary judgment and ordered that collection of Mr. Wheeler's taxes and penalties for 1994-2001 and 2003 might proceed.

Mr. Wheeler appeals, arguing the Tax Court erred in granting summary judgment to the Commissioner, in part because he claims there are disputed issues of material fact. He also argued that he was denied due process, both because of the grant of summary judgment and because he was, he claims, denied a meaningful hearing. Finally, he argues Mr. Jeka violated PL 105-206 by consistently referring to Mr. Wheeler as "constitutionally challenged" and as a persistent tax protester.

## DISCUSSION

"We review tax court decisions in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury. The Tax Court's legal conclusions are subject to de novo review, and its factual findings can be set aside only if clearly erroneous." Katz v. Comm'r, 335 F.3d 1121, 1125-26 (10th Cir. 2003) (citations and quotation marks omitted). Accordingly, "we review the Tax Court's grant . . . of summary judgment de novo." Scanlon White, Inc. v. Comm'r, 472 F.3d 1173, 1174 (10th Cir. 2006) (further quotation omitted).

We have carefully reviewed the record in this case and we conclude that Mr. Wheeler's arguments are without merit, both for the reasons stated by the Tax Court and based upon our own analysis of his arguments. We therefore affirm the Tax Court's grant of summary judgment to the Commissioner.

## CONCLUSION

For the foregoing reasons, the decision of the Tax Court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-10-