T.C. Memo. 2010-188

UNITED STATES TAX COURT

CHARLES RAYMOND WHEELER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23596-07.                    Filed August 25, 2010.

Charles Raymond Wheeler, pro se.

<u>Philip E. Blondin</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and
additions to tax for 2002, 2004, and 2005 as follows:

| | | Additions to Tax | | |
|------|------------|----------------|----------------|-------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2002 | $5,357 | $1,079.55 | $1,199.50 | $158.26 |
| 2004 | 5,453 | 1,117.35 | [1] | 142.57 |
| 2005 | 5,589 | 1,151.78 | [1] | 203.28 |

[1]The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

The deficiencies are attributable to petitioner's failure to report pension income he received from the Defense Finance and Accounting Service (DFAS), the military's paymaster, and modest amounts of dividend income in 2004 and 2005 and interest income in each year. The only bona fide issue for decision is whether petitioner is liable for a penalty under section 6673 and, if so, how much that penalty should be. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

None of the facts have been stipulated, even though the material facts are not fairly in dispute. See Rule 91(a). Petitioner resided in Colorado at the time he filed his petition.

This is one of six cases brought by petitioner docketed in this Court. Since at least 1994, petitioner has failed to file timely Federal income tax returns, relying on a variety of repetitious and frivolous arguments. See Wheeler v. Commissioner, 127 T.C. 200 (2006) (determining petitioner's

liability for 2003), affd. 521 F.3d 1289 (10th Cir. 2008); Wheeler v. Commissioner, T.C. Memo. 2006-109 (determining petitioner's liabilities for 1994 through 2001), affd. 528 F.3d 773 (10th Cir. 2008). In docket No. 15205-08L, he challenged collection actions for 1994 through 2001 and 2003; summary judgment was granted against petitioner in that case on March 25, 2009, with the Court concluding that "Petitioner has failed to raise bona fide issues or any genuine issue relating to a material fact." That decision was affirmed by the Court of Appeals for the Tenth Circuit on December 15, 2009. Wheeler v. Commissioner, 356 Fed. Appx. 188 (10th Cir. 2009). In docket No. 615-10, he challenges a notice of deficiency for 2006.

On June 29, 2007, the Internal Revenue Service (IRS) prepared substitutes for returns pursuant to section 6020(b) using information reported by third-party payors that included payments from DFAS to petitioner of $41,083, $42,530, and $43,678 for 2002, 2004, and 2005, respectively. The notice of deficiency was sent on July 9, 2007.

The early history of this case is recounted in an Order and Order to Show Cause (O&OSC) served January 11, 2008, in part as follows:

> Petitioner timely filed a petition for redetermination. The petition was frivolous and groundless.

> Thereafter, following the filing of respondent's motion to dismiss and the Court's Order dated November

28, 2007, requiring the filing of a proper amended petition, petitioner filed an amended petition. The amended petition was frivolous and groundless.

On January 7, 2008, petitioner filed a second amended petition. Other than the preamble, paragraphs 1., 3., and possibly 21., the second amended petition is frivolous and groundless, and it will be struck from the record except for the preamble and the three specified paragraphs.

Paragraph 21. of the second amended petition states as follows: "The respondent further erred by failing to include any deductions or credits for property taxes, mortgage interest, cost of producing labor, etc." This allegation fails to specifically identify the amount of each particular deduction to which petitioner thinks he is entitled; it also seeks to avoid requisite specificity by use of the word "etc.". Finally, it suggests that there is some allowable deduction for "cost of producing labor", when respondent's determination of income reflects only passive income, i.e., pensions, dividends, and interest income. In short, the paragraph 21. is contrary to Rule 34(b)(4) and (5), Tax Court Rules of Practice and Procedure, as well as the Court's Order dated November 28, 2007, requiring the filing of a proper amended petition.

At no time has petitioner denied receipt of DFAS retirement income, dividends, or interest income, nor has petitioner at any time alleged receiving DFAS retirement income, dividends, or interest income in any amount less than that determined by respondent in the July 9, 2007, notice of deficiency. See Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459. Similarly, at no time has petitioner denied that he failed to file income tax returns for the years in issue, nor has he alleged that such failure was due to what would constitute reasonable cause and not willful neglect. The same may be said regarding the additions to tax under I.R.C. section 6651(a)(2) for failure to pay tax. Further, at no time has petitioner denied that he failed to pay estimated tax for the years in issue, nor has he alleged that such failure was excused by any legitimate statutory exception.

The frivolous and groundless nature of petitioner's pleadings suggest that he instituted, and is maintaining, the present action primarily for purposes of delay.  In this regard, I.R.C. section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  See Coleman v. Commissioner, 791 F.2d 68, 71-72 (7th Cir. 1986); Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984).  Petitioner is certainly aware of that section, having previously been the recipient of a $3,000 penalty under I.R.C. section 6673(a)(1) in his prior case, reported at T.C. Memo. 2006-109 (May 22, 2006), and a $1,500 penalty under I.R.C. section 6673 in his other prior case, reported at 127 T.C. 200, 212-214 (December 6, 2006).  Notwithstanding the imposition of these penalties, petitioner remains undeterred.[1]

[1]Given the fact that petitioner's military retirement income provides a ready source for enforced collection by respondent, petitioner's persistence in pursuing a tax protest agenda is inexplicable.  In any event, given the further fact that petitioner's military retirement income is funded by taxpayer dollars, petitioner's persistence in pursuing a tax protest agenda is inexcusable.

The O&OSC ordered petitioner to file a further amendment setting forth "each and every specific deduction and credit to which he thinks he is entitled and the amount of each such deduction and credit."  The O&OSC further directed petitioner to show cause why the Court should not impose a penalty of $10,000, or some greater amount not in excess of $25,000, pursuant to section 6673(a)(1).

Petitioner filed his third amended petition on February 13, 2008, along with a memorandum in which he challenged the

preparation of section 6020(b) returns in this case. The O&OSC was discharged, and the case was subsequently set for trial in Denver, Colorado, on February 23, 2009. Petitioner appeared but claimed that he was not prepared for trial as a result of an accident and other physical ailments. Respondent moved for dismissal of the case and a penalty under section 6673. The Court permitted petitioner to file a response to the motion and ultimately denied the motion, allowing petitioner another opportunity to pursue his claimed deductions and credits. The case was thereafter set for trial in Denver on May 17, 2010.

At no time before or during the proceedings on May 17, 2010, did petitioner substantiate any deductions or dispute the receipt of the income that was included in the statutory notice. He relied solely on arguments about tax return filing requirements, preparation of substitutes for returns, and procedures for determination of tax deficiencies and additions to tax. At the time of trial, petitioner raised various objections to exhibits that should have been stipulated, and the Court ruled on those objections. The exhibits received in evidence were official and business records reflecting the reporting of petitioner's income, the preparation of substitutes for returns under section 6020(b), and petitioner's failure to file returns for the years in issue. This evidence satisfied respondent's burden of production under

section 7491(c).  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

Petitioner pleaded for time to file a posttrial brief.  He was warned by the Court that he had not presented a meritorious or relevant argument to that time, but he was allowed to file a brief.

Discussion

In his posttrial brief, petitioner asserts misguided arguments about burden of proof, attacks the Court's rulings during trial, and claims that the prior rulings of the Court that denied summary dismissal of his case were rulings accepting his arguments.  In essence, he asserts that determination of his liabilities for 2002, 2004, and 2005 has not been and cannot be accomplished.

Petitioner has never raised a reasonable dispute with respect to the income reported by third parties for the years in issue.  Contrary to petitioner's claims, respondent was not required to produce witnesses.  See sec. 6201(d).  Although in his prior cases deficiencies were reduced as a result of concessions by respondent, no evidence in this case would justify any reductions.  Petitioner has not shown reasonable cause for his failure to file returns or to pay tax and has not shown an exception to the requirement that he make estimated tax payments.

- 8 -

The additions to tax determined in the statutory notice are appropriate.

Although the Court previously indulged petitioner's pleas for more time and his claims that he was entitled to deductions and credits, at this stage it is apparent that his consistent strategy has been to delay determination of his liabilities without any intent to abandon the arguments that have been characterized throughout as frivolous, irrelevant, and otherwise totally lacking in merit. Petitioner's only authority for his arguments is his own convoluted reading of various provisions of the Internal Revenue Code, the Internal Revenue Manual, official IRS transcripts, the Federal Rules of Evidence, and cases cited out of context. Because the Court advised him that his interpretations were erroneous, he asserts that the Court is biased against pro se taxpayers. He claims that he was prevented from presenting his case at trial "for fear of threatened retribution"--an argument similar to one raised in a prior appeal that he entered into a stipulation because "'the spectre of sanctions hung close over [his] head'". See Wheeler v. Commissioner, 528 F.3d at 779. Petitioner's repetitious rhetoric claiming victimization has no credibility.

Petitioner's contentions are merely stale and recycled versions of unsuccessful arguments that he has made since 1994. See id. at 776. Under these circumstances, we are not compelled

to address at length his latest concoctions.  To do so would be to encourage the dilatory conduct that he has employed throughout the history of this case and would neither dissuade petitioner nor provide useful guidance to taxpayers with legitimate cases.  The Court's attempts at trial to direct petitioner to relevant issues and to explain the errors in his arguments are cited by petitioner in attacking the Court.  As the Court of Appeals for the Tenth Circuit previously remarked:  "We are confronted here with [a taxpayer] who simply [refuses] to accept the judgments of the courts."  Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

Petitioner was penalized $1,500 in each of three prior docketed cases.  See Wheeler v. Commissioner, 127 T.C. at 214; Wheeler v. Commissioner, T.C. Memo. 2006-109.  The Court of Appeals for the Tenth Circuit, in affirming the decision entered pursuant to Wheeler v. Commissioner, 127 T.C. 200 (2006), noted that his appeal was frivolous and that sanctions might be awarded, but declined to do so because of dissatisfaction with respondent's request for an $8,000 lump-sum award.  See Wheeler v. Commissioner, 521 F.3d at 1291-1292.  In the appeal from the decision entered pursuant to Wheeler v. Commissioner, T.C. Memo. 2006-109, the Court of Appeals for the Tenth Circuit awarded a sanction of $4,000 against petitioner.  See Wheeler v. Commissioner, 528 F.3d at 785.

Petitioner was warned in the January 11, 2008, O&OSC of the likelihood of a penalty between $10,000 and $25,000 under section 6673 in this case. Petitioner has not cured the defects in his approach identified in the portions of that O&OSC quoted above, and the conclusion that he has maintained this action primarily for delay is now unavoidable. His noncompliance with the tax laws has continued for well over a decade and after repeated rejections of his frivolous arguments in judgments of this Court and the Court of Appeals rendered years before this case was submitted. A penalty in the maximum amount of $25,000 is appropriate when lesser amounts have not deterred a taxpayer's defiance of the tax laws and of the rulings of the courts. See, e.g., Tinnerman v. Commissioner, T.C. Memo. 2010-150; Davenport v. Commissioner, T.C. Memo. 2009-248. Such a penalty is justified here, and the decision in this case will include a determination that petitioner owes to the United States a penalty of $25,000.

For the reasons explained above,

Decision will be entered for respondent.