FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES RAYMOND WHEELER,

　　　　Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　　Respondent-Appellee.

No. 10-9005
(Tax Court No. 23596-07)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

---

Petitioner Charles Raymond Wheeler appeals from a Tax Court decision

finding him liable for (1) income-tax deficiencies for the years 2002, 2004, and

2005; (2) additions to tax for those years under 26 U.S.C. § 6651(a)(1) (failure to

file return), *id.* § 6651(a)(2) (failure to pay amount shown as tax on return), and

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*id.* § 6654(a) (failure to pay estimated tax); and (3) a sanction in the amount of $25,000 under *id.* § 6673(a). We exercise jurisdiction under 26 U.S.C. § 7483[1] and affirm.

Mr. Wheeler does not claim to have filed returns for the years in question, or to have paid taxes owing for those years, yet he urges this court to overturn the Tax Court's decision and determine that he has no liability. He contends that the Commissioner did not prove that he had failed to file returns, did not carry the burden of production on the additions to tax, and did not create a valid substitute return under 26 U.S.C. § 6020 to support the taxes and additions imposed. In addition, he claims that the Tax Court judge was biased against him. We address the merits before turning to judicial bias.

**Failure to File**

As best we can understand Mr. Wheeler's briefing, he is contesting the failure-to-file finding on the ground that the Commissioner did not submit a Form

---

[1]     In supplemental briefing on the issue, both parties acknowledged that this appeal is timely even though the notice of appeal was not docketed by the Tax Court until December 3, 2010, three days beyond the 90 days allowed for appeal by 26 U.S.C. § 7483. Under 26 U.S.C. § 7502 the notice of appeal was timely when mailed on November 24, 2010–as established by a confirmation number from the United States Postal Service. Because the notice of appeal was timely, we need not consider the alternative point, suggested by the Commissioner, that Mr. Wheeler's motion to vacate, which was untimely but was nevertheless accepted and denied on the merits by the Tax Court in early November, further extended the time for appeal. *See Nordvik v. Comm'r*, 67 F.3d 1489, 1492 (9th Cir. 1995).

-2-

3050 ("Certification of Lack of Record"), which he claims "is the single form created by the [Commissioner] for the express purpose of validating the non-existence of a record, i.e., no return was filed." Aplt. Opening Br. at 19. Instead, the Commissioner submitted a Form 4340 ("Certificate of Assessments, Payments, and Other Specified Matters"), showing no entry for a taxpayer return and the Commissioner's creation of a "Substitute for Return" (SFR), for each of the tax years at issue. The Tax Court has repeatedly confirmed that a Form 4340 can provide the basis for finding that a taxpayer has not filed a return. *See, e.g.*, *Hazel v. Comm'r*, T.C.M. (RIA) 2008-134, 2008 WL 2095614 at *2-*3 (T.C. 2008) (collecting cases). As explained in *Hazel*:

> A Form 4340 is a literal transcript containing tax data from an Internal Revenue Service (IRS) master file associated with a particular taxpayer. An IRS master file is opened by the filing of a tax return or (when a taxpayer has not filed a return) by the Commissioner's creating a substitute for return (SFR). Therefore, a Form 4340 contains return filing information, such as whether a return has been filed or an SFR has been prepared. Such information is one of the "other matters" described in the title of the Form 4340.

*Id.* at 3 (citations omitted). Where, as here, "the IRS master file and thus the Form 4340 were opened by the preparation of the SFR . . . and there is no entry indicating petitioner filed a timely return," a finding that the petitioner did not file a return is proper. *Id.* Mr. Wheeler has not cited any contrary authority to persuade us to question the precedent of the Tax Court on this point.

Mr. Wheeler advances several meritless objections to the Form 4340 itself. He complains that the attached "Certificate of Official Record" (Form 2866) "does not certify the content of the record" reflected in the Form 4340 transcript, but only "states it is a 'true Form 4340.'" Aplt. Opening Br. at 22. But the Form 4340 concludes with its own certification "that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated" and "that the other specified matters set forth in this transcript appear in the official records of the Internal Revenue Service." T.C. R. Exs. 7-R at 3, 8-R at 3, and 9-R at 3. Mr. Wheeler also argues that the SFR used to open the master file reflected on the Form 4340 was deficient *as an SFR*–that is, for purposes of assessing taxes and additions to tax. This objection, however, misses the point of the Form 4340 and the significance of the SFR notation here, which is just to show that no tax return was filed by the taxpayer, not to establish his assessed tax liabilities. For the former purpose, the Form 4340 is sufficient (and for the latter, as we discuss shortly, the Commissioner does not rely on the SFR noted on the form).

Finally, Mr. Wheeler points to various (assertedly) irregular notations on the Form 4340 that he insists "go to the credibility of the records, the system(s) and certifying officer/employees involved," Aplt. Opening Br. at 23, and appears to argue that, as a derivative document relating to the contents of the master file, it should be discounted as not the "best evidence" of the matters reflected in it, *id.*

-4-

at 24. To the extent that the latter point is an objection to the admission of the Form 4340, we review the matter solely for an abuse of discretion, *see Kurzet v. Comm'r*, 222 F.3d 830, 840 n.8 (10th Cir. 2000); and, considering the established use of such forms for determining questions of filing, the Tax Court did not abuse its discretion in admitting the form for that purpose here. Similar objections to the admissibility of Form 4340 have been repeatedly rejected. *See, e.g.*, *Perez v. United States*, 312 F.3d 191, 195 & n. 15 (5th Cir. 2002); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992); *see also Holland v. United States*, 209 F.2d 516, 520-21 (10th Cir. 1954) (certificates of assessment were properly admitted in criminal tax prosecution as official records "to show the absence of any record or entry of a relevant act, transaction or occurrence"). As for the credibility or weight accorded the document, we note that generally "[t]he credibility of witnesses, the weight of the evidence, and the reasonable inferences to be drawn therefrom are for the Tax Court to determine." *Pepsi-Cola Bottling Co. of Salina, Inc. v. Comm'r*, 528 F.2d 176, 181 (10th Cir. 1976). The Tax Court could properly decide that the Forms 4340 submitted here were sufficient for it to find that Mr. Wheeler had not filed tax returns for the years in question.

## Additions to Tax

Under § 6651(a)(1) the failure to file returns triggers an addition to tax "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Mr. Wheeler never attempted to demonstrate such cause. Thus,

the Tax Court's finding that he failed to file a return–which we affirm for reasons explained above–suffices to render him liable for the resultant statutory addition to tax.

More is required, however, to impose the addition to tax in § 6651(a)(2) for failure to pay the tax shown on a return. As § 6651(a)(2) "applies only when an amount of tax is *shown on a return*," *Wheeler v. Comm'r*, 127 T.C. 200, 208 (T. C. 2006), *aff'd* 521 F.3d 1289 (10th Cir. 2008) (emphasis added), "[t]he Commissioner's burden of production with respect to [this] addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question," *id.* at 210. If the taxpayer has not filed a return, the Secretary of the Treasury is authorized under 26 U.S.C. § 6020(b) to prepare an SFR that "shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition under [§ 6651(a)(2)]." 26 U.S.C. § 6651(g)(2); *see also id.* § 6020(b)(2) (return prepared by Secretary "shall be prima facie good and sufficient for all legal purposes"). Thus, "[i]n a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made." *Wheeler*, 127 T.C. at 210.

Although § 6020(b) does not specify what a qualifying return must contain, the Tax Court has consistently held that a § 6020(b) return "must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax

-6-

liability, and the return . . . must purport to be a return." *Mooney v. Comm'r*,

T.C. Memo. 2011-35, 2011 WL 382615 at *3 (T.C. 2011) (following *Spurlock v.*

*Comm'r*, T.C. Memo. 2003-124, 2003 WL 1987156 at *10 (T.C. 2003)).

Mr. Wheeler correctly points out that the references to SFRs on the Forms 4340

do not satisfy these requirements. *See, e.g., Wheeler*, 127 T.C. at 210 ("summary

reference to a 'Substitute for Return' contained in Form 4340" did not satisfy

Commissioner's burden under §§ 6020(b) and 6651(a)(2)). But these references

were not the § 6020(b) returns relied on by the Commissioner for imposition of

the additions to tax. Before issuance of the notice of deficiency, three sets of

documents (one for each tax year at issue) were prepared, containing

Mr. Wheeler's name, address, and Social Security number and sufficient

information to compute his tax liability. These consisted of a Form 4549-A

("Income Tax Discrepancy Adjustments"), Form 886-A ("Explanation of Items"),

and Form 13496 ("IRC Section 6020(b) Certification"). The certification is

subscribed and expressly states that it and the attached documents shall be treated

as the return of the taxpayer under §§ 6020(b) and 6651(g)(2). This same set of

documents has repeatedly been accepted by the Tax Court for purposes of

§§ 6020(b) and 6651(a)(2). *See, e.g.*, *Gleason v. Comm'r*, T.C. Memo. 2011-154,

2011 WL 2600917 (T.C. 2011); *Evans v. Comm'r*, T.C. Memo 2010-62, 2010 WL

1222260 at *4 (T.C. 2010); *Simmons v. Comm'r*, T.C. Memo. 2009-283, 2009 WL

4667396 at *5 (T.C. 2009). The Tax Court's application of §§ 6020(b) and

6651(a)(2) here comported with this line of cases and Mr. Wheeler has not presented any contrary authority to persuade us to question it. Indeed, the closest authority in this circuit is entirely consistent with this line of cases. In *Smalldridge v. Commissioner*, 804 F.2d 125, 128 & n.3 (10th Cir. 1986), we held a married taxpayer bound by the Commissioner's election of separate filing status through the preparation of a § 6020(b) return consisting of "a document signed by the examiner, which included the taxpayer's name, address, social security number, wage information for the years in question, [and] a personal exemption."

Mr. Wheeler appears to argue that the Commissioner nevertheless may not rely on these otherwise proper § 6020(b) returns because they were predated by the SFRs noted on the Form 4340–in other words, once a "dummy" SFR is used to open a master file for a case lacking a filed return, the Commissioner cannot thereafter prepare a qualifying § 6020(b) return. He offers no authority for this irrational proposition and we decline to impose such a limitation on the practical processing of tax cases.

The remaining addition to tax was imposed under § 6654 for failure to pay estimated income tax. Mr. Wheeler does not present any independent argument with respect to this addition to tax, which, as the Commissioner explains, is fully supported by the § 6020(b) returns discussed above and additional evidence in the record negating exceptions to the addition to tax set out in § 6654(e).

-8-

In sum, the Commissioner properly assessed deficiencies and additions to tax based on the qualifying § 6020(b) returns in the record. And, as Mr. Wheeler did not separately challenge the $25,000 sanction imposed under § 6673, there is no basis for disturbing that part of the Tax Court decision. We turn now to Mr. Wheeler's claim that the Tax Court judge was biased against him.

**Judicial Bias/Due Process**

Mr. Wheeler insists that Tax Court Judge Cohen demonstrated a bias against him in her rulings and in some of her statements to him on the record. Of course, adverse rulings alone do not establish bias. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). "Likewise, a judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune from charges of bias and partiality." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal quotation marks and alterations omitted). "Although a judge's remarks during the course of a trial may be critical, disapproving, or hostile to a party, usually they will not support a partiality charge." *Id.* (internal quotation marks omitted). The conduct of the Tax Court judge in this case does not support a charge of bias.

We note, with some concern, that after Judge Cohen issued her opinion, the clerk, at her direction, refused to file Mr. Wheeler's pleading captioned "Petitioner's Motion to Reconsider" on the ground that it should have been captioned "Motion for Reconsideration of Opinion." Nevertheless, he was later

-9-

permitted to resubmit the pleading and, given that we have found no error in the original opinion, we see no prejudice to Mr. Wheeler.

## Appellate Sanction

The Commissioner has filed a motion for sanctions against Mr. Wheeler for filing a frivolous appeal maintained primarily for delay. We previously approved a lump-sum sanction of $4,000 against Mr. Wheeler in another frivolous appeal, *see Wheeler v. Comm'r*, 528 F.3d 773, 784-85 (10th Cir. 2008), while noting that sanctions are determined on a case-by-case basis, *see id.* at 783. Citing this authority, the Commissioner contends that "a more substantial monetary award" is warranted here and requests that we "impose sanctions of at least $4,000." Aplee. Motion for Sanctions at 11. In response, Mr. Wheeler asserts that the final Tax Court decision issued by Judge Cohen improperly deviated from the prior rulings of Judge Armen and Judge Foley, who, he claims, recognized the merit of his case. The assertion is frivolous and deserves no discussion. Just as the Tax Court increased the sanction deemed appropriate for Mr. Wheeler from the $3,000 imposed in the proceeding underlying his prior appeal to the $25,000 imposed here because of his undeterred frivolous intransigence, we too deem a greater sanction warranted and award the Commissioner $6,000.

-10-

The judgment of the Tax Court is AFFIRMED. The Commissioner's motion for sanctions is GRANTED and a lump-sum sanction of $6,000 is awarded.

Entered for the Court

Harris L Hartz
Circuit Judge