T.C. Memo. 2011-278

UNITED STATES TAX COURT

CHARLES R. WHEELER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 615-10.                      Filed November 23, 2011.

Charles Raymond Wheeler, pro se.

Philip E. Blondin, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  Respondent determined a deficiency of $5,939

and additions to tax under sections 6651(a)(1) and (2) and

6654(a) of $1,203, $748, and $250, respectively, for 2006.[1]  The

--------

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended for the years at issue, and Rule references are to the Tax Court Rules of Practice and
(continued...)

deficiency is attributable to petitioner's failure to report pension income of $45,459 he received from the Defense Finance and Accounting Service (DFAS), dividend income of $534, and interest income of $3. The only bona fide issue for decision is whether petitioner is liable for a penalty under section 6673 and, if so, how much that penalty should be.

## Background

Petitioner is litigious and has an extensive history before this Court.[2] In each instance, petitioner has relied on a variety of repetitious and frivolous arguments. This case is no different. Petitioner resided in Colorado at the time he filed his petition.

On December 22, 2010, the Court filed respondent's requests for admissions, which had been served on petitioner 2 days

---

[1](...continued)
Procedure. Amounts are rounded to the nearest dollar.

[2]See Wheeler v. Commissioner, 127 T.C. 200 (2006) (redetermining petitioner's liability for 2003), affd. 521 F.3d 1289 (10th Cir. 2008), Wheeler v. Commissioner, T.C. Memo. 2006-109 (redetermining petitioner's liabilities for 1994 through 2001), affd. 528 F.3d 773 (10th Cir. 2008), Wheeler v. Commissioner, T.C. Memo. 2010-188 (redetermining petitioner's liabilities for 2002, 2004 and 2005), affd. ___ Fed. Appx. ___ (10th Cir., Nov. 1, 2011). In Wheeler v. Commissioner, docket No. 15205-08L, he challenged collection actions for 1994 through 2001 and 2003; summary judgment was granted against petitioner in that case on Mar. 25, 2009, with the Court concluding that he failed to "raise bona fide issues or any genuine issue relating to a material fact". That decision was affirmed by the Court of Appeals for the Tenth Circuit on Dec. 15, 2009. Wheeler v. Commissioner, 356 Fed. Appx. 188 (10th Cir. 2009).

earlier.  Petitioner failed to respond in a timely manner, and pursuant to Rule 90(c), each matter set forth in the requests for admissions was deemed admitted 30 days after the date of service.[3]  We adopt those admissions as our own findings and incorporate them herein by this reference.

In 2006 petitioner received $45,459 in military retirement payments from DFAS, $534 of dividends, and $3 of interest.  Petitioner is entitled to withholding credits of $594 for 2006.  Petitioner did not file a Federal income tax return for 2006.  As a result, on August 3, 2009, the Internal Revenue Service (IRS) prepared a substitute for return pursuant to section 6020(b) using information reported by third-party payors.  The notice of deficiency was sent on October 5, 2009.

At no time before or during trial did petitioner attempt to substantiate any deduction or dispute the receipt of income that was included in the statutory notice.  At all times petitioner has relied solely on frivolous arguments about tax return filing requirements, preparation of substitutes for returns, and procedures for determination of tax deficiencies and additions to tax.  Petitioner requested permission and was allowed to file a posttrial brief.  Petitioner's posttrial brief sets forth a

---

[3]On Mar. 7, 2011, 1 week before calendar call, the Court received and filed petitioner's motion to enlarge time to file his responses to respondent's request for admissions and lodged his responses to respondent's request for admissions.  At trial the Court denied petitioner's motion.

misguided argument that respondent failed to properly prepare a substitute for return for 2006 pursuant to section 6020(b) and failed to provide petitioner with his due process rights.

## Discussion

The Commissioner's determinations in the notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them incorrect. See Rule 142(a)(1). Petitioner has admitted to receiving $45,459 in military retirement payments from DFAS, $534 of dividends, and $3 of interest in 2006. He has failed to present any argument for why these amounts should not be included in his 2006 taxable income. We therefore sustain respondent's determinations with respect to petitioner's deficiency.

With respect to the additions to tax, petitioner has not shown reasonable cause for his failure to file returns or pay tax and has not shown an exception to the requirement that he make estimated tax payments. The additions to tax determined in the statutory notice are appropriate.

Petitioner continues to take up this Court's valuable time and resources with frivolous and irrelevant arguments. To expand upon his contentions is simply not necessary. As this Court stated recently in Wheeler v. Commissioner, T.C. Memo. 2010-188: "To do so would be to encourage the dilatory conduct that * * * [petitioner] has employed throughout the history of this case and

would neither dissuade petitioner nor provide useful guidance to taxpayers with legitimate cases."

A penalty in the maximum amount of $25,000 is appropriate when lesser amounts have not deterred a taxpayer's defiance of the tax laws and of the rulings of the courts. See, e.g., Tinnerman v. Commissioner, T.C. Memo. 2010-150; Davenport v. Commissioner, T.C. Memo. 2009-248. Petitioner was penalized $1,500 in each of three prior docketed cases. See Wheeler v. Commissioner, 127 T.C. 200, 214 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Wheeler v. Commissioner, T.C. Memo. 2006-109, affd. 528 F.3d 773 (10th Cir. 2008). The Court of Appeals for the Tenth Circuit, in affirming the decision entered pursuant to Wheeler v. Commissioner, 127 T.C. 200 (2006), noted that his appeal was frivolous and that sanctions might be awarded, but declined to do so because of dissatisfaction with respondent's request for an $8,000 lump-sum award. Wheeler v. Commissioner, 521 F.3d at 1291-1292. In the appeal from the decision entered pursuant to Wheeler v. Commissioner, T.C. Memo. 2006-109, the Court of Appeals for the Tenth Circuit awarded a sanction of $4,000 against petitioner. Wheeler v. Commissioner, 528 F.3d at 785.

Most recently, in Wheeler v. Commissioner, T.C. Memo. 2010-188, affd. ___ Fed. Appx. ___ (10th Cir., Nov. 1, 2011), we imposed the maximum penalty allowed of $25,000. Further, the

Court of Appeals for the Tenth Circuit awarded the Commissioner a lump-sum sanction of $6,000. Petitioner seems to remain undeterred in his defiance of his Federal tax obligations. We again find that a $25,000 penalty is justified. The decision in this case will include a determination that petitioner owes to the United States a penalty of $25,000.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.