T.C. Memo. 2010-62

UNITED STATES TAX COURT

C. GARY EVANS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26655-06.              Filed March 30, 2010.

C. Gary Evans, pro se.

<u>Jennifer K. Martwick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of
$1,211,748 in petitioner's 2002 Federal income tax, a failure to
file addition to tax pursuant to section 6651(a)(1) of $272,643,
a failure to pay addition to tax pursuant to section 6651(a)(2)
in an amount to be computed at a later date, and a failure to pay
estimated tax addition to tax pursuant to section 6654(a) of

$40,493.[1]  The following issues remain for decision:[2]  (1)
Whether respondent may raise the issue of whether petitioner's
gross income should be increased by bank deposit income of
$178,110, an increase not determined in the notice of deficiency;
(2) whether petitioner's gross income should be increased by
certain ordinary income of $4,479; (3) whether petitioner's gross
income should be increased by interest income of $86; (4) whether
petitioner is subject to the failure to file addition to tax
pursuant to section 6651(a)(1); (5) whether petitioner is liable
for the failure to pay addition to tax pursuant to section
6651(a)(2); and (6) whether petitioner is liable for the failure
to pay estimated tax addition to tax pursuant to section 6654.

FINDINGS OF FACT

Petitioner refused to stipulate any of the facts.  On
October 14, 2008, respondent filed a motion pursuant to Rule
91(f) requesting the Court to order petitioner to show cause why
the facts and evidence set forth in respondent's proposed
stipulation of facts should not be deemed established.  On

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended, for the
year in issue.  Amounts are rounded to the nearest dollar.

[2]On the basis of a settlement by the parties, respondent has
conceded the determination in the notice of deficiency that
petitioner's gross income should be increased by income from the
sale of stocks and bonds.  Respondent also has conceded that
petitioner is entitled to a capital loss of $3,000 pursuant to
sec. 1211(b).

October 17, 2008, the Court ordered petitioner to show cause why respondent's proposed stipulation of facts and evidence should not be deemed established.  Petitioner failed to file a timely response.  On November 20, 2008, we granted respondent's motion and deemed established respondent's proposed stipulation of facts and evidence.[3]  The facts deemed established by the Court's order are incorporated in this opinion by reference and are found accordingly.

At the time the petition was filed, petitioner resided in Georgia.  Petitioner is a certified public accountant and worked for Coopers & Lybrand for 4 years.

Petitioner did not file any Federal income tax returns after 1994 and did not file a Federal income tax return for his 2002 tax year.

Petitioner did not make any estimated tax payments, and no Federal income taxes were withheld from his wages for his 2002 tax year.

During 2002, petitioner received from Hickory Valley Retirement, Inc., ordinary flowthrough income of $4,533 and interest income of $86.

---

[3]Petitioner attempted to file a response to respondent's Rule 91(f) motion after the time specified in the Court's Oct. 17, 2008, order.  Petitioner's motion was not filed because he did not seek leave to file his response late.  Even if he had filed a timely response, petitioner failed to show why respondent's facts and evidence should not be deemed established.

For his 2002 tax year petitioner is entitled to an ordinary flowthrough loss of $54 from Decubitus, Inc.

During 2002, petitioner deposited $210,304 into his SunTrust Bank account. Of that $210,304, at least $178,110 is includable in petitioner's gross income.[4] Included within that $178,110 is rental income from two properties. The first property, at 6420 Roswell Rd. N.E., Atlanta, Georgia, was owned by petitioner during 2002 and rented for annual rent of $106,726 to "Flashers", an establishment that operates as a strip club. Petitioner deposited the rent from Flashers into his SunTrust Bank account. The other property, at 4075 Buford Highway, Atlanta, Georgia, was owned by petitioner during 2002 and rented for annual rent of $29,872 to "Follies", an establishment that operates as a strip club. Petitioner deposited the rent from Follies into his SunTrust Bank account.

On September 26, 2006, respondent sent petitioner a notice of deficiency. In the notice of deficiency respondent determined a deficiency in petitioner's Federal income tax on the basis of his receipt of proceeds of $3,176,465 from the sale of certain stocks and bonds (stocks and bonds sale issue). Petitioner timely filed a petition in this Court for redetermination of the

---

[4]While we make the recitations above in conformity with the deemed stipulations of fact, we consider infra petitioner's argument that the amounts deposited in his SunTrust Bank account may not be included in gross income for his 2002 tax year because they were not included in the notice of deficiency.

deficiency. As noted above, the stocks and bonds sale issue was settled by the parties. However, respondent now asserts a deficiency in petitioner's Federal income tax on the basis of bank deposits of $178,110 made to petitioner's SunTrust Bank account (bank deposit issue). The bank deposit issue was first set forth in respondent's pretrial memorandum submitted 2 weeks before January 14, 2008 (first pretrial memorandum), when the instant case was first set for trial but continued on the parties' joint motion and was set forth again in respondent's pretrial memorandum submitted for trial on the Court's December 2, 2008, Atlanta, Georgia, trial session (second pretrial memorandum). Respondent has not amended his answer.

## OPINION

We first address the issue of whether respondent may raise the bank deposit issue, a new issue not raised in the notice of deficiency. Petitioner objected at trial to respondent's raising of the bank deposit issue because it was not included in the notice of deficiency. Respondent contends that the bank deposit issue is properly before the Court and that petitioner was not prejudiced because he had notice of the bank deposit issue when the case was originally set for trial on January 14, 2008.

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving

it incorrect.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[5]

An exception to the general rule exists when the Commissioner raises a new matter.  Rule 142(a); <u>Shea v. Commissioner</u>, 112 T.C. 183 (1999); <u>Tabrezi v. Commissioner</u>, T.C. Memo. 2006-61.  Generally, the Commissioner has raised a new matter when the Commissioner "attempts to rely on a basis that is beyond the scope of the original determination".  <u>Shea v. Commissioner</u>, <u>supra</u> at 191.  In particular, a new matter is raised when the Commissioner's new theory "'either alters the original deficiency or requires the presentation of different evidence.'"  <u>Id.</u>  (quoting <u>Wayne Bolt & Nut Co. v. Commissioner</u>, 93 T.C. 500, 507 (1989)).  The Commissioner generally must bear the burden of proof on a new matter.  Rule 142(a); <u>Shea v. Commissioner</u>, <u>supra</u> at 191.

Respondent's assertion of the bank deposit issue is a new matter.  Respondent argues that petitioner remains liable for a portion of the deficiency determined in the notice of deficiency but that there is a new source for that portion; i.e., the income from the SunTrust bank deposits of $178,110 rather than the $3,176,465 of income from petitioner's sale of stocks and bonds. The bank deposit issue will require the presentation of different

---

[5]Petitioner does not contend that sec. 7491(a) should apply in the instant case to shift the burden of proof to respondent, nor did he establish that it should apply to the instant case.

evidence than that which would have been required for the stocks and bonds sale issue.  Accordingly, we conclude that the bank deposit issue is a new matter on which respondent bears the burden of proof.  See Rule 142(a).

We next turn to the issue of whether respondent may raise the bank deposit issue in this proceeding.  Rule 41(b)(2) allows this Court to accept evidence that is not within the issues raised by the pleadings and conform the pleadings to that evidence "freely when justice so requires", provided that the objecting party is not prejudiced by its admission.  Church of Scientology v. Commissioner, 83 T.C. 381, 469 (1984), affd. 823 F.2d 1310 (9th Cir. 1987).  The facts necessary to decide the remaining issues were before the Court as of the time petitioner failed to file a timely response to respondent's Rule 91(f) motion as required by the Court's order.  Therefore, the relevant facts necessary to decide the case were deemed established at that time.  While we did provide petitioner a trial during which he could have provided further evidence, he did not do so.  He objected merely to the trial of the bank deposit issue at that time.  We believe that justice requires that petitioner not be allowed to sit on his objection to the bank deposit issue until after the facts regarding that issue have been established. Petitioner had ample opportunity to object to the bank deposit issue in response to the Court's order requiring him to respond

to respondent's Rule 91(f) motion.  Furthermore, petitioner had other occasions to present relevant evidence and to object to the raising of the bank deposit issue.  Petitioner had notice of the bank deposit issue nearly a year before trial, as the bank deposit issue was included in respondent's first pretrial memorandum.  Respondent's second pretrial memorandum, filed 2 weeks before trial, also included the bank deposit issue.  It was not until trial that petitioner raised his objection to the bank deposit issue.  Accordingly, we conclude that petitioner is not prejudiced by respondent's raising of the bank deposit issue.  We deem the pleadings amended to conform to the evidence and conclude that the bank deposit issue is properly before the Court.  Consequently, on the basis of the record, including the facts deemed established, we hold that petitioner's gross income includes the SunTrust bank deposits of $178,110.

We next decide whether petitioner's gross income for the tax year in issue includes ordinary income of $4,479 and interest income of $86.[6]  Respondent contends that petitioner earned ordinary income of $4,533 from Hickory Valley Retirement Inn, Ltd., that he is entitled to a flowthrough loss of $54 from Decubitus, Inc., and that he received interest income of $86 from Hickory Valley Retirement Inn, Ltd.  As to the foregoing issues,

---

[6]The burden of proof on these issues remains on petitioner.

the facts deemed established support respondent's determinations. At trial petitioner failed to present any evidence or argument on those issues. Accordingly, we hold that petitioner's gross income includes ordinary income of $4,479[7] and interest income of $86.

We next consider the issue of the failure to file addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return by the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. The addition to tax is 5 percent of the ultimately determined tax if the failure to file does not exceed 1 month, with an additional 5 percent per month for each month the failure continues, up to a maximum of 25 percent. Id. Respondent bears the burden of production under section 7491(c), and petitioner bears the burden of proof. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner is deemed to have admitted that he failed to file a return for taxable year 2002. Accordingly, respondent has met his burden of production. Petitioner has failed to meet his burden of proof as he failed to present any evidence or argument

---

[7]The ordinary income amount of $4,479 includes ordinary income of $4,533 from Hickory Valley Retirement Inn, Ltd., less a flowthrough loss of $54 from Decubitus, Inc.

on the failure to file addition to tax.  Consequently, we hold that petitioner is liable for the failure to file addition to tax pursuant to section 6651(a)(1) for taxable year 2002.

We next consider the issue of the failure to pay addition to tax pursuant to section 6651(a)(2).  Section 6651(a)(2) provides for an addition to tax for failure to pay taxes shown on a return on or before the payment due date.  The addition to tax is 0.5 percent per month, with an additional 0.5 percent per month for each month the failure continues, up to 25 percent.  Id.  In instances where the taxpayer fails to file a return, the return prepared by the Commissioner pursuant to section 6020(b) shall be treated as the return filed by the taxpayer for the purpose of calculating the addition to tax pursuant to section 6651(a)(2).  Sec. 6651(g)(2).  For a return prepared by the Commissioner to constitute a section 6020(b) return, it must be subscribed, it must contain sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a return.  Spurlock v. Commissioner, T.C. Memo. 2003-124.  Respondent bears the burden of production under section 7491(c), and petitioner bears the burden of proof.  See Higbee v. Commissioner, supra at 446.

The record contains a substitute return for taxable year 2002.  The substitute return is subscribed and includes a section 6020(b) certification; Form 4549, Income Tax Examination Changes;

and Form 886-A, Explanation of Items.  Those forms are sufficient for respondent to compute petitioner's tax liability for tax year 2002, and respondent has certified that they will be treated as a return.  The facts deemed admitted show that petitioner did not pay any taxes or have any amounts withheld for tax year 2002.  Because petitioner has not paid the amount shown on the substitute return, we uphold respondent's determination of the failure to pay addition to tax pursuant to section 6651(a)(2).

We next consider the issue of the failure to pay estimated tax addition to tax pursuant to section 6654(a).  Taxpayers are liable for an addition to tax for failure to pay estimated taxes where prepayments of tax, either through withholding or by making estimated quarterly payments during the year, do not equal the lesser of 90 percent of the tax shown for the current taxable year or 100 percent of the tax shown for the previous taxable year.  Sec. 6654.  An exception applies if the tax due for the year in issue is less than $1,000, the individual had no tax liability for the preceding year, or a waiver applies.  Sec. 6654(e).  The Commissioner bears the burden of production to show that the taxpayer had an estimated tax payment obligation, which includes whether a return was filed for the preceding year.  Sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Petitioner bears the burden of proof.  Higbee v. Commissioner, supra at 446.

The record shows that petitioner failed to file a return for taxable year 2001, and he therefore was required to make estimated payments equal to 90 percent of his tax for taxable year 2002.  See sec. 6654(d)(1)(B).  Accordingly, respondent's burden of production is satisfied.  The facts deemed established show that petitioner did not pay any taxes for taxable year 2002.  Moreover, petitioner has failed to present any evidence or argument that an exception applies.  Consequently, petitioner has failed to meet his burden of proof, and we uphold respondent's determination of the failure to pay estimated tax addition to tax.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concession,

Decision will be entered

under Rule 155.