T.C. Memo. 2012-162

UNITED STATES TAX COURT

AUSTIN DANNE HARDIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8891-09.                    Filed June 11, 2012.

Austin Danne Hardin, pro se.

<u>Tabitha A. Green</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined that petitioner was liable for

deficiencies and additions to tax for failure to file timely pursuant to section

6651(a)(1), failure to pay timely pursuant to section 6651(a)(2), and failure to pay

estimated income tax pursuant to section 6654(a) for his 2005 and 2006 tax years.[1]

After concessions, the issues we must decide are: (1) whether petitioner is liable for a section 6651(a)(1) addition to tax for failure to file a timely return for 2006; (2) whether petitioner is liable for a section 6651(a)(2) addition to tax for failure to pay timely for 2006; (3) whether petitioner is liable for a section 6654(a) addition to tax for failure to make estimated tax payments for 2006; (4) whether this Court has jurisdiction to abate the interest on the deficiency and additions to tax for 2006; and (5) whether petitioner is entitled to relief pursuant to section 6511(h).[2]

## FINDINGS OF FACT

Petitioner refused to stipulate any of the facts. On February 22, 2011, respondent filed a motion pursuant to Rule 91(f) requesting the Court to order petitioner to show cause why the facts and evidence set forth in respondent's proposed stipulation of facts should not be deemed established. On February 28, 2011, the Court ordered petitioner to show cause why respondent's proposed

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]During the pendency of the instant case, on April 8, 2011, respondent moved to dismiss for lack of prosecution, and we took respondent's motion under advisement. We will deny that motion as moot. At trial, petitioner moved for partial summary judgment on the issues that were addressed at trial and are addressed in this opinion. We will deny petitioner's motion.

stipulation of facts and evidence should not be deemed established. On March 28, 2011, petitioner filed a response, but his response was not fairly directed to the proposed stipulation. Consequently, on March 29, 2011, we granted respondent's motion and deemed established respondent's proposed stipulation of facts and evidence. The facts deemed established by the Court's order are incorporated in this opinion by reference and are found accordingly. Additionally, the parties submitted two stipulations of settled issues. On November 14, 2011, this case was tried in Atlanta, Georgia.

Petitioner was a resident of Georgia at the time he filed his petition. Since 2002, petitioner has been employed full time as an engineer at the Department of Defense. His job involves setting criteria for the reliability of new military equipment and examining whether equipment satisfies those criteria.

Petitioner has been married to Delilah Hardin since 2001. For almost two decades, Mrs. Hardin has been employed full time as a school counselor for the Muscogee County School District. She has also worked part time as an adjunct professor at Columbus State University since 1998, with the exception of a three-year hiatus. Petitioner and Mrs. Hardin have filed joint tax returns throughout their marriage, and petitioner has been responsible for filing those returns because he is more of a "numbers person" than Mrs. Hardin. Before her marriage to petitioner

Mrs. Hardin filed her own taxes, and she assists him with filing their taxes by collecting documents. Petitioner and Mrs. Hardin share other financial duties: Petitioner pays some of their bills, and Mrs. Hardin pays others.

Petitioner and Mrs. Hardin own a rental property that petitioner manages. He is responsible for paying the utility bills and the mortgage on the property. Petitioner has been able to rent out only a portion of the property because of a mold problem that makes the main house uninhabitable, and the rent he receives is insufficient to cover the mortgage. During 2005 and part of 2006, petitioner and Mrs. Hardin owned a second rental property, but they sold it during 2006 and used the proceeds from the sale to pay down the line of credit on their own residence. Mrs. Hardin pays the mortgage on the couple's own residence. The couple has never had their utilities turned off because they failed to pay the bills.

Petitioner failed to file his income tax returns for 2005 and 2006 when they were due. Respondent prepared substitutes for returns for petitioner's 2005 and 2006 tax years. On January 5, 2009, respondent mailed petitioner notices of deficiency for his 2005 and 2006 tax years. Petitioner timely filed a petition in this Court. During May 2010, petitioner submitted untimely tax returns for 2005 and 2006. On those returns, petitioner claimed various exemptions and deductions that reduced his tax liabilities from those calculated by respondent. Petitioner and

respondent have reached an agreement regarding the amount of petitioner's tax liability for each year.

During 2006, petitioner had Federal income tax withholding credits of $4,131, and Mrs. Hardin had Federal income tax withholding credits of $2,349. Neither petitioner nor Mrs. Hardin made estimated tax payments for 2006. The parties agree that the amount of petitioner's Federal income tax liability for 2006 is $25,183.

Petitioner has been diagnosed with attention deficit hyperactivity disorder (ADHD), and Mrs. Hardin has been diagnosed with "mild to moderate" ADHD. Because of their ADHD, petitioner and Mrs. Hardin have difficulty concentrating, being organized, and completing tasks. Petitioner also suffers from bipolar disorder and posttraumatic stress disorder and is a 30% disabled veteran.

OPINION

Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a taxpayer's liability for additions to tax, and he "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant * * * [additions to tax]". Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proof with respect to any exculpatory factors such as reasonable cause. Id. at 446-

447. The determination of whether reasonable cause exists is based on all the facts and circumstances. See Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211; Merriam v. Commissioner, T.C. Memo. 1995-432, aff'd without published opinion, 107 F.3d 877 (9th Cir. 1997).

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to file timely a required return unless the taxpayer can establish that such failure was due to "reasonable cause and not due to willful neglect." United States v. Boyle, 469 U.S. 241, 245 (1985). The Commissioner bears the initial burden of production to introduce evidence that the return was filed late. Sec. 7491(c). The taxpayer then bears the burden of proving that the late filing was due to reasonable cause and not willful neglect. Sec. 7491(a); Boyle, 469 U.S. at 245; Higbee v. Commissioner, 116 T.C. at 447. Because the parties agree that petitioner's tax returns were not timely filed, petitioner must prove that the untimely filing was due to reasonable cause and not willful neglect. See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Courts have consistently held that the standard to be applied in section 6651 is one of "ordinary business care and prudence", as required by section 301.6651-1(c)(1), Proceed. & Admin. Regs. Boyle, 469 U.S. at 246 n.4. Although

the statute speaks of willful neglect, no finding of willfulness is necessary to hold a taxpayer liable for the addition to tax. Id. Rather, taxpayers must prove that their failure to file on time did not result from carelessness, reckless indifference, or intentional failure. Id.

Petitioner contends that his late filing was due to reasonable cause because he suffers from ADHD, bipolar disorder, and posttraumatic stress disorder (mental disorders). Reasonable cause for a failure to file may exist if the taxpayer's or a family member's illness or incapacity prevents the taxpayer from filing his or her tax return but not if the taxpayer is able to continue his or her business affairs despite the illness or incapacity. See Ruggeri v. Commissioner, T.C. Memo. 2008-300 (and cases cited therein).

We are not persuaded that petitioner's mental disorders prevented him from timely filing his tax return. During 2005 and 2006, petitioner managed two rental properties and paid monthly mortgages and utility bills for each. He put one of those properties on the market and sold it during 2006, and he continued to manage the other property throughout 2007. Additionally, petitioner was employed full time as an engineer for the Department of Defense throughout 2005, 2006, and 2007, where he performed complex analyses of military equipment. Petitioner contends that he sought and was granted reasonable accommodation at work during 2009 for

his mental disorders. Although petitioner introduced evidence that he applied for reasonable accommodation during 2009, the evidence he submitted fails to establish that he actually received it. Regardless, petitioner was completing his work without any such accommodation during 2005, 2006, and 2007. The evidence shows that petitioner was able to manage his other business affairs and maintain his job despite his mental disorders.

Petitioner acknowledged at trial that he also failed to file his 2007 tax return on time. Petitioner's pattern of noncompliance further weighs against finding reasonable cause. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1189-1191 (1987).

On the basis of the foregoing, we conclude that petitioner lacked reasonable cause for failing to file his 2006 return timely. Accordingly, petitioner is liable for the section 6651(a)(1) addition to tax.

Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a return on or before the due date unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect. The section 6651(a)(2) addition applies only if an amount of tax is shown on a return. Wheeler v. Commissioner, 127 T.C. 200, 208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Under section 6651(g)(2), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2). The 2006 substitute for return included with the exhibits deemed admitted meets the requirements of section 6020(b). In computing the section 6651(a)(2) addition to tax as determined in the notice of deficiency, respondent reduced the amount of tax shown on the substitute for return by petitioner's wage withholdings for 2006. It is undisputed that petitioner failed to pay any other part of the tax shown on the substitute for return. Consequently, respondent has met his burden of production with respect to the section 6651(a)(2) addition to tax.

The addition to tax for failure to pay timely does not apply if the taxpayer shows that the failure was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(2); see Higbee v. Commissioner, 116 T.C. at 447. To prove reasonable cause for a failure to pay timely the amount shown as tax on a return, the taxpayer must show that he exercised ordinary business care and prudence in providing for payment of his tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship if he paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The determination of whether the

taxpayer had reasonable cause pursuant to section 6651(a)(2) is similar to the analysis of reasonable cause pursuant to section 6651(a)(1) except that undue financial hardship may be a defense to the failure to pay addition to tax. See Russell v. Commissioner, T.C. Memo. 2011-81. To establish undue hardship, the taxpayer must show that making the tax payment on time would have required "the risk of a substantial financial loss". Merriam v. Commissioner, T.C. Memo. 1995-432.

Petitioner contends that he should not be liable for the addition to tax for failure to pay timely pursuant to section 6651(a)(2) because of his mental disorders and because he and Mrs. Hardin have a lot of debt. For the same reasons we concluded that petitioner did not show reasonable cause for failing to file his returns on time, he has failed to show that he exercised ordinary business care and prudence in failing to pay his 2006 tax liability on time. Additionally, petitioner has not established that he would have suffered undue hardship if he had paid his tax liability. Both he and Mrs. Hardin were employed full time throughout 2006, and they sold a rental property during that year and used the proceeds to pay down a line of credit on their home. Consequently, we conclude that petitioner failed to establish reasonable cause for his failure to pay timely. Accordingly, petitioner is liable for the section 6651(a)(2) addition to tax for 2006.

## Section 6654(a) Addition to Tax

Taxpayers are liable for an addition to tax for failure to pay estimated taxes where prepayments of tax, either through withholding or by making estimated quarterly payments during the year, do not equal the lesser of 90% of the tax shown for the current taxable year or 100% of the tax shown for the previous taxable year. Sec. 6654. An exception applies if the tax due for the year in issue is less than $1,000, the individual had no tax liability for the preceding year, or a waiver applies. Sec. 6654(e). The narrow exceptions to section 6654(a) provide that an addition to tax will not be imposed if the Commissioner determines that: (1) by reason of casualty, disaster, or unusual circumstances the addition would be inequitable or unfair; or (2) the taxpayer retired (after reaching age 62) or became disabled in either the taxable year for which estimated tax payments were required or in the taxable year preceding such year and such underpayment was due to reasonable cause and not willful neglect. Sec. 6654(e)(3). The Commissioner bears the burden of production to show that the taxpayer had an estimated tax payment obligation, which includes whether a return was filed for the preceding year. Sec. 7491(c); Wheeler v. Commissioner, 127 T.C. at 211-212. Petitioner bears the burden of proof. See Higbee v. Commissioner, 116 T.C. at 446.

Because petitioner failed to file a return for his 2005 tax year, he was required to make estimated payments equal to 90% of his tax for his 2006 tax year. See sec. 6654(d)(1)(B); Evans v. Commissioner, T.C. Memo. 2010-62. The record shows that the amount of petitioner and Mrs. Hardin's withholding credits was less than 90% of their joint tax liability for 2006. Accordingly, respondent's burden of production is satisfied.

Petitioner asserts the same reasonable cause defenses for the section 6654(a) addition as he did for the section 6651(a)(1) and (2) additions. Petitioner did not retire or become disabled during 2005 or 2006. Therefore he does not fall into the narrow exception for reasonable cause pursuant to section 6654(e)(3)(B). The record does not establish that petitioner's failure to make estimated tax payments was due to casualty, disaster, or other unusual circumstances, and we are not persuaded that the imposition of the section 6654 addition to tax would be against equity and good conscience. Accordingly, we conclude that petitioner is liable for the section 6654 addition to tax for 2006.

Abatement of Interest

At trial, petitioner indicated that he also sought abatement of interest with respect to the deficiencies and additions to tax. The Tax Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent provided by statute.

Sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  Pursuant to section

6404(h), the Tax Court is authorized, in certain circumstances, to "determine

whether the Secretary's failure to abate interest under this section was an abuse of

discretion".  However, we do not have jurisdiction pursuant to section 6404(h)

unless and until the Commissioner has assessed interest and mailed an assessment of

interest and the Commissioner has mailed his "final determination not to abate such

interest."  Sec. 6404(h)(1); <u>see</u> Rule 280; <u>Williams v. Commissioner</u>, 131 T.C. 54,

55-56 (2008); <u>Bourekis v. Commissioner</u>, 110 T.C. 20, 26-27 (1998).  Petitioner has

made no claim for abatement of interest pursuant to section 6404(e), and respondent

has issued no final determination not to abate such interest.  Accordingly, we lack

jurisdiction to consider petitioner's claim for abatement of interest.

<u>Relief Under Section 6511(h)</u>

Petitioner contends that he is entitled to relief pursuant to section 6511(h)

because his mental disorders qualify him as a "financially disabled" taxpayer.

Section 6511(h) provides for statutory tolling of the period of limitations on filing a

claim for a refund or credit for overpayment of taxes when taxpayers are unable to

manage their financial affairs.  Because petitioner has not claimed that he is due a

refund or credit for any previous tax year, his argument that he qualifies for relief pursuant to section 6511(h) is irrelevant.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Appropriate orders will be issued, and decision will be entered under Rule 155</u>.