# United States Tax Court

T.C. Memo. 2024-68

DOUGLAS JAMES CASEMENT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 22861-22L.                                Filed June 18, 2024.

————

Douglas James Casement, pro se.

*James M. Schutt, Jr.*, *Crystal T. Ochrymowicz*, and *Patsy A. Clarke*, for respondent.


## MEMORANDUM OPINION

URDA, *Judge*:  In this collection due process (CDP) case petitioner, Douglas James Casement, seeks review pursuant to section 6330[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals upholding a notice of intent to levy with respect to unpaid federal income tax liabilities for his 2010, 2011, and 2012 taxable years.[2]  The Commissioner has moved for summary

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary values to the nearest dollar.

[2] The Commissioner stated at the hearing held on February 12, 2024, that Mr. Casement's underlying tax liability for 2011 has become moot because "the IRS wrote off the tax obligation for that year."  "Ordinarily, once the Commissioner concedes that there is no unpaid [underlying] liability for a disputed year upon which a collection

[*2] judgment, contending that there are no disputed issues of material fact and that the determination to sustain the levy notice was proper as a matter of law. We agree and will grant summary judgment for the Commissioner.

## Background

This case was calendared for trial at the Court's February 12, 2024, Seattle, Washington, trial session. Before trial the Commissioner filed a motion for summary judgment. Although this Court directed Mr. Casement to respond before trial, he did not do so within the time provided. We nonetheless gave Mr. Casement an opportunity to be heard on the motion for summary judgment at the Court's Seattle trial session.

At the Seattle trial session, Mr. Casement discussed his case with a pro bono attorney. After consultation, Mr. Casement requested additional time to respond to the Commissioner's motion for summary judgment. Although we gave him until March 13, 2024, to file his response, Mr. Casement has not done so to date.

The following uncontroverted facts are derived from the petition, the exhibits attached to the declaration supporting summary judgment, the administrative record of the CDP hearing, and the other filings in this case. Mr. Casement lived in the state of Washington when he timely petitioned this Court.

I.    *Mr. Casement's Tax Liabilities and IRS Collection Activity*

Mr. Casement filed federal income tax returns for his 2010 through 2012 tax years. Based on the amounts reported on these returns, the IRS assessed federal income tax liabilities of $5,230 for 2010 and $8,914 for 2012, as well as statutory interest. The IRS also determined additions to tax for failure to pay tax, *see* I.R.C. § 6651(a)(2), failure to pay estimated tax, *see* I.R.C. § 6654, and failure to timely file a tax return, *see* I.R.C. § 6651(a)(1). Mr. Casement thereafter entered

---

action could be based, a proceeding filed in this Court pursuant to section 6330 is moot." *MacDonald v. Commissioner*, T.C. Memo. 2009-240, 2009 WL 3399256, at *2 (first citing *Greene-Thapedi v. Commissioner*, 126 T.C. 1, 7 (2006); then citing *Gerakios v. Commissioner*, T.C. Memo. 2004-203; and then citing *Chocallo v. Commissioner*, T.C. Memo. 2004-152). As this case is moot insofar as it relates to Mr. Casement's 2011 tax liability, our opinion will focus its discussion on the years remaining at issue.

**[\*3]** into an installment agreement with the IRS and made multiple payments toward his tax liabilities.

II. *CDP Hearing and Tax Court Petition*

After several years, the IRS terminated the installment agreement for reasons not disclosed by the record before us. In an effort to collect Mr. Casement's outstanding balance, the IRS issued a levy notice, which indicated that he owed, inter alia, $16,812 with respect to his 2010 and 2012 tax years. Mr. Casement timely requested a CDP hearing, expressing his interest in the "forgive[ness] [of] some of the interest and penalties." He explained that he had lost a significant portion of his income and assets in the wake of the 2008 financial crisis and that he struggled again with his finances during the pandemic. In a section of the request form relating to collection alternatives, Mr. Casement also checked a box marked "I cannot pay balance."

The case thereafter was assigned to a settlement officer in the Office of Appeals, who scheduled a telephone CDP hearing for July 20, 2022. In her scheduling letter, the settlement officer directed Mr. Casement to provide an explanation in support of abatement. After noting that IRS "records show[] that [he did] not file[] a tax return for 2013 to 2021," the settlement officer stated that, for consideration of any collection alternatives, Mr. Casement was required to provide a copy of his filed 2016–21 federal income tax returns, proof of estimated tax payments, and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with attached financial documentation. Mr. Casement provided no documentation or information in response to this letter.

The settlement officer held a telephone CDP hearing as scheduled on July 20, 2022. As reflected in the settlement officer's notes, Mr. Casement reiterated his desire to have the penalties and interest abated "because he lost a lot of his income." The settlement officer responded that this ground was "not a valid reason to consider reasonable cause . . . abatement."

During the hearing, the settlement officer noted that Mr. Casement had not filed tax returns since his 2012 tax year and that he had failed to provide the requested Form 433-A. She explained that she could not consider an installment agreement or other collection alternative given these failures and informed Mr. Casement that she accordingly would sustain the notice of intent to levy.

**[\*4]** The Office of Appeals subsequently issued a notice of determination that sustained the proposed levy and denied penalty abatement. In the notice, the settlement officer stated that she had verified that the IRS had complied with the requirements of applicable law and administrative procedure and that sustaining the proposed levy "balances the need for efficient tax collection with the idea of least intrusiveness." She reported that Mr. Casement had requested currently-not-collectible status and an installment agreement. The settlement officer concluded that Mr. Casement "did not provide any financial information to consider a collection alternative" and was "not in compliance with filing returns for 2016 through 2021." The settlement officer further noted that the "reduction in [his] income d[id] not meet [the standards for] reasonable cause penalty abatement."

Mr. Casement filed a timely petition in this Court, challenging the settlement officer's views as to when "to forgive a tax debt." In support of his petition, Mr. Casement offered to forgo "[his] social security, any money [he] should get for Covid relief, [his] refund for [his] student loan, or other money [he] should be getting."

*Discussion*

I. *General Principles*

A. *Scope of Review*

"[S]ummary judgment serves as a mechanism for deciding, as a matter of law, whether [an] agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)). Our decision in this case is most likely appealable to the U.S. Court of Appeals for the Ninth Circuit, *see* I.R.C. § 7482(b)(1)(G)(i), (2), which has held that, absent a proper challenge to the underlying liability, the scope of review in a CDP case is confined to the administrative record, *see Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases; *Starcher v. Commissioner*, T.C. Memo. 2021-144, at \*7.

Mr. Casement did not respond to the motion for summary judgment, and we could enter a decision against him for that reason alone. *See* Rule 121(d). We nevertheless will consider the motion on its

**[\*5]** merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

> B. *Standard of Review*

We have jurisdiction to review the Office of Appeals' determination pursuant to section 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). We review all other determinations for abuse of discretion. *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at \*9.

II. *Underlying Liability*

A taxpayer may challenge his underlying liability at a CDP hearing only if he did not receive a statutory notice of deficiency or did not have a prior opportunity to dispute the liability. *See* I.R.C. § 6330(c)(2)(B); *Montgomery v. Commissioner*, 122 T.C. 1, 9 (2004). Taken in a favorable light, Mr. Casement challenged the additions to tax both at the CDP hearing and in his petition, requesting abatement of this portion of his underlying liability. The Commissioner does not argue that Mr. Casement had a prior opportunity to challenge the additions to tax but nonetheless assumes that we review the Office of Appeals' determination to uphold the imposition of additions to tax for the relevant years for abuse of discretion.

A request for abatement of additions to tax under sections 6651(a) and 6654, however, constitutes a challenge to a taxpayer's underlying liability. *See Dykstra v. Commissioner*, T.C. Memo. 2017-156, at \*16 ("A taxpayer's underlying tax liability includes penalties and additions to tax that are part of the unpaid tax that the Commissioner seeks to collect."); *Brennan v. Commissioner*, T.C. Memo. 2013-123, at \*11–12. As the record contains no indication that Mr. Casement had a previous opportunity to raise this challenge, we accordingly will review de novo Mr. Casement's request for abatement of additions to tax and interest. *See Dykstra*, T.C. Memo. 2017-156, at \*17.

6

**[*6]** Generally, the abatement of failure-to-file and failure-to-pay additions to tax requires a showing that the failures were "due to reasonable cause and not due to willful neglect." I.R.C. § 6651(a) (flush language). To prove reasonable cause for failure to file, a taxpayer must show that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." Treas. Reg. § 301.6651-1(c)(1). "[F]inancial difficulties generally do not constitute reasonable cause for failure to file a return." *Namakian v. Commissioner*, T.C. Memo. 2018-200, at *12. To prove reasonable cause for failure to pay, the taxpayer similarly must show that he "exercised ordinary business care and prudence in providing for payment of his tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship if he paid the tax on the due date." *Hardin v. Commissioner*, T.C. Memo. 2012-162, 2012 WL 2094304, at *4 (citing Treas. Reg. § 301.6651-1(c)(1)). Adverse economic conditions do not necessarily constitute reasonable cause for nonpayment of federal income tax, at least absent the serious effort required to pay timely. *See Shapiro v. Commissioner*, T.C. Memo. 2023-144, at *19. As for the addition to tax for failure to pay estimated tax, section 6654(e)(3)(B) provides a limited "reasonable cause" exception for newly retired or disabled persons, but Mr. Casement made no showing that he might qualify for that exception.

The settlement officer rejected abatement on the grounds that the "reduction in [Mr. Casement's] income d[id] not meet [the standards for] reasonable cause penalty abatement." That conclusion was well justified. Mr. Casement supplied no information to the settlement officer that satisfied the reasonable cause standards for any of the additions to tax. He instead made only a vague allusion to financial difficulties, which was plainly insufficient for her to gauge his financial situation, his reasons for failing to timely file, and his exercise of ordinary business care and prudence with respect to his obligations to pay taxes and timely file his returns. We accordingly agree with the settlement officer that Mr. Casement fell well short of establishing reasonable cause for his failure to pay or to timely file his tax returns, as would justify abatement. *See Namakian*, T.C. Memo. 2018-200, at *15; *Dykstra*, T.C. Memo. 2017-156, at *18; *Shaw v. Commissioner*, T.C. Memo. 2010-210, 2010 WL 3745026, at *6 ("Petitioners have provided only limited evidence regarding their ability to pay as of the

[*7] date payment was actually due, and we are unable to presume that any such evidence would be favorable to petitioners.").[3]

III. *Abuse of Discretion*

In determining whether the Office of Appeals abused its discretion, we consider whether the settlement officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Casement raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr. Casement] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3). Our review of the record establishes that the settlement officer satisfied all the requirements.

A. *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Mr. Casement has not at any point in this case challenged the verification requirement, and we conclude from the record that the settlement officer conducted a thorough review of Mr. Casement's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

B. *Issues Raised*

Mr. Casement's petition might be read to challenge the settlement officer's consideration of collection alternatives, in particular currently-not-collectible status. *See, e.g., Bradley v. Commissioner*, T.C. Memo. 2024-7, at *10 ("CNC status is a collection alternative that the taxpayer may propose, and that if proposed, the settlement officer must consider."). We see no abuse of discretion, however.

---

[3] We note that, although Mr. Casement broadly sought forgiveness for penalties "and interest" in his petition and at the hearing, he fails to allege, much less establish, the prerequisites for abatement of interest. *See* I.R.C. § 6404(h). We do not find any abuse of discretion in the silence in the notice of determination on the subject of Mr. Casement's unelaborated request about interest.

**[\*8]**   A settlement officer does not abuse her discretion in rejecting collection alternatives where a taxpayer does not provide requested financial information. *Tucker v. Commissioner*, T.C. Memo. 2014-103, at \*27; *Huntress v. Commissioner*, T.C. Memo. 2009-161, 2009 WL 1883984, at \*5.  "A taxpayer's failure to file all required returns, standing alone, is [likewise] sufficient to justify an Appeals officer's rejection" of collection alternatives.  *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at \*15; *see also Giamelli v. Commissioner*, 129 T.C. 107, 111–12 (2007).  As explained in the notice of determination, Mr. Casement failed to supply the requested Form 433-A and was not in filing compliance with respect to his 2016–21 federal income tax returns, either of which justifies the rejection of any collection alternative.

### C.   *Balancing Analysis*

Mr. Casement did not allege in his petition or argue at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  *See* I.R.C. § 6330(c)(3)(C). He thus has conceded this issue.  *See* Rules 121(d), 331(b)(4).  In any event, the settlement officer expressly concluded in the notice of determination that sustaining the levy balanced the need for efficient tax collection with Mr. Casement's legitimate concerns about intrusiveness given the absence of a collection alternative.  We find in the record no basis for disturbing the settlement officer's conclusion regarding this requirement.

## IV.   *Conclusion*

Finding no error in the settlement officer's decisions, we will grant summary judgment for the Commissioner and affirm the IRS's determination to sustain the levy for tax years 2010 and 2012.  This case is moot insofar as it relates to the portion of Mr. Casement's liability associated with the 2011 taxable year.

To reflect the foregoing,

*An appropriate order and decision will be entered.*