T.C. Memo. 2005-266

UNITED STATES TAX COURT

JAMES H. JORDAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13351-04.           Filed November 17, 2005.

<u>Kenneth E. Keate</u>, for petitioner.

<u>Blaine Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies and additions to tax with respect to petitioner's income taxes for 1997, 1998, 1999, 2000, 2001, and 2002 as follows:[1]

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

| Year | Deficiency | Additions to Tax/Penalties | |
| --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1997 | $20,483 | $3,529.75 | $717.53 |
| 1998 | 18,191 | 4,547.75 | 832.41 |
| 1999 | 59,469 | 14,867.25 | 2,878.05 |
| 2000 | 143,347 | 35,836.75 | 7,656.87 |
| 2001 | 64,043 | 16,010.75 | 2,559.36 |
| 2002 | 54,203 | 13,375.00 | 1,785.21 |

After concessions,[2] the sole issue for decision is whether petitioner's drug addiction for which he underwent approximately 3 weeks of rehabilitation in March 1999, coupled with his other medical problems and related memory loss, gave him reasonable cause to fail to file his income tax returns for 1998, 1999, and 2000 (the years at issue) until July 2004. We hold that they do not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Eden Prairie, Minnesota, at the time he filed the petition.

---

[2]Respondent has accepted the returns for 1997 through 2002 that petitioner submitted in July 2004, which returns included deductions for business expenses. The parties therefore no longer dispute petitioner's income tax liabilities for 1997 through 2002. Petitioner has conceded that he is liable for the additions to tax under sec. 6651(a)(1) for 2001 and 2002 and under sec. 6654 for all years from 1998 through 2002. Respondent has conceded that petitioner is not liable for the additions to tax under secs. 6651(a)(1) and 6654 for 1997.

Failure To File

Petitioner did not file his income tax returns for the years 1997-2002 by their due dates.[3]  They all remained unfiled when an agent of respondent contacted petitioner regarding petitioner's unfiled returns in October 2003.  Petitioner ignored the agent and did not submit any documents or information in response.  Respondent sent petitioner a deficiency notice on April 27, 2004.  Petitioner finally submitted returns for 1997 through 2002 to respondent in July 2004, the same month he timely filed a petition with this Court.

Petitioner's Background

Petitioner has been a life insurance salesman since leaving college.  Petitioner's life insurance business focused on individual policies and very seldom involved group policies during the years at issue.  Petitioner is married, although he and his wife have filed separate returns since their marriage.

Petitioner continued his life insurance business during the years at issue.  Petitioner experienced some success in his business from 1997 through 2002.  Petitioner's annual reported gross receipts from his life insurance business ranged from a low of $104,368 in 1998 to a high of $387,456 in 2000.  Petitioner's gross receipts for 1999 and 2000 were the highest of any of the 6 years 1997-2002.

---

[3]Petitioner's accountants, acting under a limited power of attorney, obtained extensions of time to file petitioner's returns for each year from 1997 through 2002.  Each return was therefore due October 15 of the following year.

Petitioner's Drug Addiction

Petitioner has experienced headaches throughout most of his adult life, beginning in 1978 or 1979.  Petitioner has seen numerous doctors and has tried a variety of different medications and treatments for his headaches.  These included Darvocet, Percocet, Ativan, and even injections of Botox in his neck. These medications did not relieve petitioner's headaches.

Petitioner's doctor prescribed petitioner OxyContin in 1996. Petitioner's doctor increased the dosage of OxyContin during the next few years and also continued prescribing petitioner Ativan, so that petitioner was taking both medications.  Petitioner's doctor prescribed only enough OxyContin to last petitioner a week at a time.  If petitioner missed a dose of OxyContin, however, petitioner got a headache.  The OxyContin was taking over petitioner's life, and he lived in fear of not having his medication.

After experiencing heart problems in 1998, petitioner increasingly relied on the OxyContin.  He sought additional prescriptions from other doctors and early refills of the medication.  Petitioner could never take enough OxyContin to feel normal.

Petitioner was aware of his increased dependency on OxyContin and stopped taking the medication in January 1999. Soon after he stopped taking it, petitioner suffered a grand mal seizure.  Petitioner was diagnosed with chemical dependency,

entered rehabilitation in February 1999, and was discharged after approximately 3 weeks of treatment on March 10, 1999.

Petitioner's Life After Rehabilitation

Petitioner's approximate 3-week stint in drug rehabilitation ended on March 10, 1999. Petitioner had not filed returns for 1997 or 1998 when he was discharged. After his discharge, petitioner returned to work and attended support group meetings. His finances were in disarray, he was disorganized, and he was experiencing some memory problems. Petitioner's home had been sold at a foreclosure sale in February 1999, but petitioner and his wife were ultimately able to repurchase it later that year.

Petitioner began to organize his receipts and information to give to his accountant in late 1999. His goal was to file all late returns at one time. It took several years. Petitioner finally filed his returns for the years at issue in July 2004, after respondent had sent petitioner the deficiency notice.

OPINION

Petitioner admits that he failed to file his returns timely. We are asked to decide whether petitioner's failure to file timely was due to reasonable cause. Petitioner argues that his drug addiction and the time he spent in drug rehabilitation, as well as his other medical problems and related memory loss constitute reasonable cause for his failure to timely file a return for the years at issue.

Section 6651(a)(1) provides for an addition to tax for failure to timely file a tax return on or before the specified

filing date. The addition to tax under section 6651(a)(1) does not apply, however, if the failure to timely file is due to reasonable cause and not to willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner has the burden of proof with respect to defenses to the additions to tax under section 6651(a)(1). Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Accordingly, petitioner must prove that his failure to file was due to reasonable cause and not to willful neglect. Id. To satisfy this burden, a taxpayer must show that he or she exercised ordinary business care and prudence but was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

A taxpayer may have reasonable cause for failure to timely file a return where the taxpayer or a member of the taxpayer's family experiences an illness or incapacity that prevents the taxpayer from filing his or her return. See, e.g., Hobson v. Commissioner, T.C. Memo. 1996-272 (reasonable cause found where taxpayers cared for a child suffering from multiple sclerosis and an invalid, amputee parent and taxpayer husband's job forced taxpayers to live apart for part of the year); Tabbi v. Commissioner, T.C. Memo. 1995-463 (reasonable cause found where taxpayers' son had heart surgery and taxpayers spent 4 months continuously in the hospital with him, and taxpayers filed their return 2 months after their son's death); Carnahan v. Commissioner, T.C. Memo. 1994-163 (reasonable cause found where

taxpayer was confined to hospitals for severe mental illness), affd. without published opinion 70 F.3d 637 (D.C. Cir. 1995); Jones v. Commissioner, T.C. Memo. 1988-542 (reasonable cause found where taxpayer was disabled for 42 weeks of the year); Harris v. Commissioner, T.C. Memo. 1969-49 (reasonable cause found where taxpayer's activities were severely restricted, and taxpayer was in and out of hospitals due to various severe medical ailments including stroke, paralysis, heart attack, bladder trouble, and breast cancer); Hayes v. Commissioner, T.C. Memo. 1967-80 (reasonable cause found where two children were seriously ill with pneumonia, taxpayer wife suffered a ruptured appendix requiring an emergency operation, taxpayer husband suffered a mental and physical collapse requiring hospitalization and to be wheelchair-bound); Estate of Kirchner v. Commissioner, 46 B.T.A. 578, 585 (1942) (reasonable cause found where estate's executrix was confined to bed with a stroke, suffered from diabetes, developed gangrene in her leg, and had little to no knowledge of business affairs).

On the other hand, a taxpayer generally does not have reasonable cause for his or her failure to timely file a return where the taxpayer's illness does not prevent the taxpayer from filing his or her return. See, e.g, Judge v. Commissioner, 88 T.C. 1175 (1987) (no reasonable cause found where taxpayer had a long history of delinquent filing of returns and taxpayer was actively involved in preparing and executing business-related documents despite illness during years at issue); Williams v.

Commissioner, 16 T.C. 893 (1951) (reasonable cause not found where evidence lacking that taxpayer's mental and physical condition was continuously impaired due to series of strokes); Ramirez v. Commissioner, T.C. Memo. 2005-179 (reasonable cause not found where, despite taxpayer's prior illness and surgery, taxpayer was able to continue his legal practice, pay business expenses, manage two rental properties, and care for two minor children); Black v. Commissioner, T.C. Memo. 2002-307 (reasonable cause not found where filing delinquencies continued beyond duration of taxpayer's illness, and taxpayer refused to implement bookkeeping system that would have permitted accountants to prepare returns), affd. 94 Fed. Appx. 968 (3d Cir. 2004); Watts v. Commissioner, T.C. Memo. 1999-416 (reasonable cause not found where, although taxpayer's mother and daughter were both ill and taxpayer frequently took them to see doctors, taxpayer also performed extensive architectural services in taxpayer's business); Wright v. Commissioner, T.C. Memo. 1998-224 (reasonable cause not found where taxpayer had capacity to attend to matters other than filing tax returns despite his mother's traumatic disappearance and death and the taxpayer's failure to file returns continued beyond the duration of these events), affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Marrin v. Commissioner, T.C. Memo. 1997-24 (reasonable cause not found where taxpayer was a full-time employee and was also actively transacting business in the securities market despite claimed depression), affd. 147 F.3d 147 (2d Cir. 1998).

A taxpayer's illness or incapacity generally does not prevent the taxpayer from filing returns where the taxpayer is able to continue his or her business affairs despite the illness or incapacity, or where the taxpayer's failure to file returns continues beyond the duration of the illness or incapacity.[4] Wright v. Commissioner, supra.  Selective incapacity only with respect to a taxpayer's income tax returns is not sufficient. Id.

Petitioner suffered medical problems during the years at issue.  Petitioner introduced evidence regarding his heart problems, his headaches, and his drug addiction and rehabilitation.  We do not find, however, that petitioner's illnesses incapacitated him to such an extent that he was unable to file his returns.  See Ramirez v. Commissioner, supra. Petitioner was in rehabilitation for approximately 3 weeks at the beginning of 1999.  Although petitioner testified he experienced some memory problems, petitioner was able to continue his life

---

[4]Petitioner argues that he is only required to prove that he had reasonable cause for his failure to file on the due date of the return and for the 4 months thereafter.  The reasonable cause standard is a one-time test to be passed or failed at the payment due date.  See Indus. Indem. v. Snyder, 41 Bankr. 882, 883 (E.D. Wash. 1984); Photographic Assistance Corp. v. United States, 82 AFTR 2d 98-6804, 98-2 USTC par 50,820 (N.D. Ga. 1998).  Events that occur after the due date, however, are relevant and probative evidence assisting the Court in determining whether the taxpayer's failure was reasonable.  See Estate of Sowell v. United States, 198 F.3d 169, 172-173 & n.4 (5th Cir. 1999); Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211. Accordingly, we shall consider evidence relating to events after the due date of the return and the 4 months thereafter to assist us in determining whether petitioner's failure to timely file his returns was due to reasonable cause and not to willful neglect.

insurance business during the years at issue.  In fact, petitioner's gross receipts for 1999 and 2000 were the two highest totals for all years from 1997 through 2002.  Selective incapacity only with respect to income tax returns is not sufficient to prove reasonable cause.  Wright v. Commissioner, supra.  We find petitioner's illnesses did not incapacitate him so severely that he was unable to conduct his business affairs during the years at issue.  We find, therefore, that petitioner's illnesses also did not render him unable to timely file his returns for the years at issue.

Moreover, petitioner's failure to timely file continued for years beyond the due date of the returns.  Petitioner's drug addiction and rehabilitation admittedly affected him during a portion of 1999, particularly the time he spent in drug rehabilitation, and likely for some time before he entered drug rehabilitation as well.  The returns remained unfiled for almost 5 years from when petitioner began to assemble this information by fall 1999.  See Ramirez v. Commissioner, supra; Wright v. Commissioner, supra.  We find that petitioner's failure to file continued well beyond the duration of his illnesses or incapacity.  See Black v. Commissioner, supra.  Accordingly, petitioner's illnesses did not constitute reasonable cause for his failure to timely file a return.

In sum, petitioner has not shown that his failure to timely file income tax returns for the years at issue was due to reasonable cause and not to willful neglect.  Thus, we find that

petitioner is liable for the addition to tax under section 6651(a)(1).

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.