T.C. Memo. 2012-205

UNITED STATES TAX COURT

ROSANNA DITARANTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2392-11.                           Filed July 19, 2012.

Rosanna Ditaranto, pro se.

<u>Robert Francis Saal</u> and <u>Carroll De Groff Lansdell</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>: This case was submitted to the Court fully stipulated for

decision without trial. <u>See</u> Rule 122.[1] Respondent determined a $114,312

---

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of
Practice and Procedure, and section references are to the Internal Revenue Code in

(continued...)

deficiency in petitioner's 2008 Federal income tax, as well as additions to tax of $24,820 for failure to file a return timely under section 6651(a)(1), $8,825 for failure to pay tax timely under section 6651(a)(2), and $3,531 for failure to pay estimated tax under section 6654. Following the parties' stipulation that the tax required to be shown on petitioner's 2008 Federal income tax return (2008 return) was $44,862 and respondent's concession of the section 6654 addition to tax, we decide whether petitioner's failures to file timely and to pay timely were due to reasonable cause and not to willful neglect. We hold they were not.

## Background

Our background statement of this case is derived primarily from the parties' stipulation of facts, the accompanying exhibits, and the pleadings. The stipulated facts are incorporated herein by this reference and are so found. Petitioner resided in New Jersey when she filed her petition.

Petitioner has at all relevant times been an owner and executive of a textile design company. She timely requested and was granted a six-month extension of time to file the 2008 return. Included with that extension request was a $4,000 payment in partial satisfaction of her 2008 Federal income tax liability.

---

[1](...continued)
effect for the year at issue. Some dollar amounts are rounded.

As of August 9, 2010, petitioner had not filed the 2008 Federal return, and respondent prepared a substitute for return on her behalf under section 6020(b). The substitute for return reflected the Internal Revenue Service's (IRS) findings that, on the basis of third-party information returns, petitioner received $354,029 during 2008. Specifically, the IRS determined that petitioner received information returns reporting income as follows: (1) $210,984 as reported on Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions; (2) $45 as reported on Form 1099-INT, Interest Income; and (3) $143,000 as reported on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. The substitute for return allowed petitioner to offset her income with one personal exemption and the standard deduction. The substitute for return did not, however, credit petitioner with basis for securities reported as sold on the Forms 1099-B, though it was subsequently established that she had basis in excess of value; i.e., the securities were in a net loss position.

By letter dated July 26, 2010, a compliance services field director with the IRS notified petitioner that the agency had no record of receiving the 2008 return and that the IRS had computed her 2008 tax, penalties, and interest on a gross basis (i.e., net of allowable exemptions, deductions and credits). Attached to the letter was a tax calculation summary reflecting the IRS' computation. The letter

cautioned that respondent would assess the tax, penalties, and interest shown on the summary unless petitioner filed within 30 days a complete and signed 2008 Federal income tax return or other specified information. Petitioner did not file the requested return or the alternative information within the 30-day period.

On November 1, 2010, respondent issued to petitioner a notice of deficiency on the basis of the substitute for return. Attached to the notice of deficiency were copies of the letter dated July 26, 2010, as well as the summary. In response to the notice of deficiency, on January 31, 2011, petitioner petitioned the Court.

Subsequently, on May 11, 2011, petitioner filed with respondent the 2008 return, reporting a total tax liability of $44,862, an extension request payment of $4,000, and total tax owing of $40,862. Attached to the 2008 return was Schedule D, Capital Gains and Losses, claiming a total cost or other basis in securities sold of $737,088 and a short term capital loss of $17,773. Petitioner limited her loss from the sale of securities for 2008 to $3,000 as required under section 1211(b). Petitioner also reported owing a 10% additional tax for early distributions from a qualified plan or similar account as required under section 72(t)(1).

The Court set this case for trial, and the parties submitted this case fully stipulated under Rule 122. The parties stipulated that the Federal income tax due from petitioner for 2008 is $44,862 before credits, that she is entitled to a credit of

$4,000 for the payment remitted with her extension request, and that she did not timely file the 2008 return. The record does not indicate that petitioner is entitled to any credit beyond the $4,000 credit for income tax remitted with her extension request.

## Discussion

The sole issue for decision is whether petitioner's failures to file timely and pay timely were justified by reasonable cause and not a result of willful neglect. Petitioner, relying on United States v. Boyle, 469 U.S. 241 (1985), asserts that she should be held harmless for the additions to tax because her failures to file and pay timely were not the result of a deliberate disregard for her filing and payment obligations. As petitioner sees it, she exercised ordinary business care in respect of her Federal income tax responsibilities but was unable to comply on account of circumstances beyond her control. Respondent maintains that petitioner filed the 2008 return late without paying the related tax and that the record does not support a finding that the failures to file and pay timely were due to reasonable cause. We agree with respondent.

Section 6651(a)(1) imposes an addition to tax for failing to file a required return by its properly extended due date. The amount of the addition to tax for failure to file equals 5% of the tax required to be shown on the return for each

complete or partial month the return is late, not to exceed 25% in the aggregate. Sec. 6651(a)(1). Section 6651(a)(2) imposes a corresponding addition to tax for failing to pay timely the tax shown to be due on a Federal income tax return. The amount of the addition to tax for failure to pay equals 0.5% for each complete or partial month a taxpayer fails to pay the tax, not to exceed 25% in the aggregate. Sec. 6651(a)(2).

The additions to tax under section 6651(a)(1) and (2) are imposed on the net amount due, meaning that the amount of tax required to be shown on the return is reduced by the amount of tax paid on or before its due date and allowed as a credit on the return. Sec. 6651(b)(1) and (2); see also sec. 301.6651-1(d)(1), Proced. & Admin. Regs. For any complete or partial month to which the additions to tax for failure to file and pay timely apply, the amount of the failure to file addition to tax is reduced by the amount of the failure to pay addition to tax. Sec. 6651(c)(1). In effect, the 5% addition to tax for failure to file is reduced to 4.5% for any month in which additions to tax under section 6651(a)(1) and (2) apply equally. Florance v. Commissioner, T.C. Memo. 2009-154, 97 T.C.M. (CCH) 1854, 1856 (2009). The additions to tax for failures to file timely and to pay timely do not apply where the failures were due to reasonable cause and not to willful neglect. Sec. 6651(a)(1) and (2).

Pursuant to section 7491(c), the Commissioner bears the initial burden of producing sufficient evidence that it is appropriate to impose the additions to tax under section 6651(a)(1) and (2). See also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Where the Commissioner meets this evidentiary burden, the burden of persuasion is on the taxpayer to show the additions to tax do not apply because the failures to file or to pay timely were due to reasonable cause and not to willful neglect. See id. at 447. Respondent carries his burden of production here by virtue of the parties' stipulations that petitioner did not file the 2008 return timely and that she remitted only $4,000 toward her $44,862 tax liability for that year.[2] Consequently, petitioner bears the burden of proving that such failures were due to reasonable cause and not willful neglect. See Rules 122(b), 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Petitioner, if she is to prevail, must prove that the failures to file and to pay (1) did not result from willful neglect, and (2) were due to reasonable cause. See Boyle, 469 U.S. at 246; Crocker v. Commissioner, 92 T.C. 899, 912-913 (1989);

---

[2]The record does not disclose the date on which petitioner made the $4,000 payment. The parties stipulated that the extension request was timely, and we conclude on the basis of that stipulation that the $4,000 payment was also timely. Therefore, the parties' Rule 155 computation shall compute the additions to tax determined to be due from petitioner on the net amount due or $40,862. See sec. 6651(b)(1) and (2).

sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is present when the taxpayer has handled his or her Federal tax obligations with conscious, intentional failure, or reckless indifference. Boyle, 469 U.S. at 245-246. Reasonable cause, on the other hand, may be found where the taxpayer has exercised ordinary business care and prudence but was nevertheless unable to file the return or pay the tax within the dates prescribed by law. Id. at 246. The existence of willful neglect or reasonable cause is a factual determination to be made in the light of well-established legal principles. Id. at 249 n.8. We synthesize our discussion of reasonable cause under section 6651(a)(1) and (2) because the standard has been interpreted to be synonymous. See E. Wind Indus., Inc. v. United States, 196 F.3d 499, 504 n.5 (3d Cir. 1999); Russell v. Commissioner, T.C. Memo. 2011-81, 101 T.C.M. (CCH) 1363, 1367-1368 (2011).

Court cases and administrative regulations are replete with examples of circumstances considered to constitute reasonable cause sufficient to avoid the additions to tax for failures to file and to pay. See, e.g., Boyle, 469 U.S. at 243 n.1 (listing examples then cited in the Internal Revenue Manual); McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547; Ruggeri v. Commissioner, T.C. Memo. 2008-300, 96 T.C.M. (CCH) 511, 512-513 (2008); see also sec. 301.6551-1(c)(1), Proced. & Admin. Regs. Commonly cited

examples of reasonable cause for failures to file or to pay include unavoidable postal delays, the death or serious illness of the taxpayer or a member of his or her immediate family, destruction by casualty of the taxpayer's records or place of business, the taxpayer's reliance on the erroneous information of an IRS officer or employee, and the inability of an IRS representative to meet with the taxpayer when the taxpayer makes a timely visit to an IRS office for assistance. See, e.g., Boyle, 469 U.S. at 243 n.1; E. Wind Indus., Inc., 196 F.3d at 511-513. Reasonable cause has been found to not exist where a taxpayer continues his or her business activities but nevertheless fails to satisfy his or her tax responsibilities. Jordan v. Commissioner, T.C. Memo. 2005-266, 90 T.C.M. (CCH) 506, 508 (2005). Courts will consider all of the facts and circumstances of the taxpayer's financial condition purportedly giving rise to the failures to file or to pay. Estate of Hartsell v. Commissioner, T.C. Memo. 2004-211, 88 T.C.M. (CCH) 267, 269 (2004).

Petitioner claims that her failures to file timely and to pay timely were due to a confluence of personal, professional, and financial difficulties that she faced between late 2000 and late 2011. Among the circumstances petitioner cites on brief are that her checkbook was stolen in 2001, that her former business partner denied her access to records during a protracted lawsuit that spanned 2001

to 2004,[3] flood in 2004 or 2005, her mother's illness and unfortunate death during 2010 and 2011, and her current financial difficulties. Petitioner contends that the cumulative effect of these circumstances constitutes reasonable cause sufficient to negate the additions to tax. We are not persuaded.

While we are sympathetic to petitioner's difficulties, we decline to conclude that her failures to file and to pay were justified by reasonable cause and were not due to willful neglect. The additions to tax with which we are concerned relate to the 2008 return which, because the due date for that return was properly extended, was due to be filed no later than October 15, 2009. See secs. 6072, 6081(a). Notwithstanding her extension request, petitioner was required to pay the tax relating to the 2008 return no later than April 15, 2009. See secs. 6151(a), 6651(a)(2). Therefore, we are primarily concerned with events that might have occurred or existed around April 15, 2009 (i.e., the payment date), and October 15, 2009 (i.e., the filing date). The chronology offered by petitioner conspicuously fails

------

[3]Petitioner contends that she was generally denied access to these records from 2001 through 2011, but she goes on to state that in 2004 she received a copy of her financial information after she and her business partner settled the litigation that resulted from their dispute. Accordingly, we understand petitioner to admit on brief that she had access to financial information relating to her business during the 2008 filing season.

to cite any events during that time which we construe as reasonable cause to avoid the additions to tax.

Petitioner's chronology of events, however, affirms that during the 2008 filing season she engaged in ordinary business activities with apparent disregard for her Federal income tax obligations. Petitioner, an executive who has balanced the rigors of running her own business for years, demonstrated capacity to file the 2008 return and pay the resulting tax by filing an extension request and remitting $4,000 therewith. Throughout 2008 and 2009, she continued to manage her textile design company, and she relocated her business to avoid bankruptcy. Even though petitioner was strained financially during 2008 and 2009 the record establishes she had adequate financial means to satisfy her 2008 Federal income tax liability. As petitioner reported on the 2008 return, she owned securities worth $721,178 and she received a distribution from her retirement account of $143,000. These financial assets were, as far as the record suggests, available to satisfy petitioner's unpaid tax liability for 2008. When taken as a whole, these events suggest that petitioner acted with conscious disregard of her Federal income tax obligations and not with ordinary business care and prudence. Because petitioner has not persuaded us that her failures to file and to pay were due to reasonable cause and not due to

willful neglect, we hold she is liable for additions to tax under section 6651(a)(1) and (2).

We have considered all of petitioner's arguments for a contrary holding, and to the extent not discussed herein we conclude they are irrelevant, moot, or lacking in merit.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.