T.C. Summary Opinion 2012-95

UNITED STATES TAX COURT

BRIAN HENRY STIRM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5294-11S, 23627-11S.          Filed September 24, 2012.

Brian Henry Stirm, pro se.

<u>Diane L. Worland</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  These consolidated cases[1] were heard pursuant to the

provisions of section 7463[2] of the Internal Revenue Code in effect when the

_____

[1]The cases were consolidated for trial, briefing, and opinion.

[2]Unless otherwise indicated, all section references are to the Internal Revenue

(continued...)

petitions were filed.  Pursuant  to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies and additions to tax with respect to petitioner's 2004, 2007, and 2008 Federal income tax.  After concessions by the parties, respondent now asserts deficiencies and additions to tax with respect to petitioner as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] |
| 2004 | $452 | $101.70 | $113.00 |
| 2007 | 3,463 | 779.18 | 813.81 |
| 2008 | 3,508 | 789.30 | 613.90 |

[1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

After concessions, the only issues remaining for decision are:  (1) whether petitioner is entitled to the expense deductions claimed on Schedule C, Profit or Loss From Business, of his delinquently filed returns for the taxable years 2004, 2007, and

[2](...continued)
Code as amended and in effect for the years at issue, and all Rule References are to the Tax Court Rules of Practice and Procedure.

2008 (years at issue); and (2) whether petitioner is liable for additions to tax under section 6651(a)(1) and (2) for the years at issue.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts are incorporated herein by this reference.

At the time the petitions were filed, petitioner resided in Indiana.

During the years at issue petitioner was a full-time employee of Purdue University and received wages of $60,741, $65,274, and $67,890 for the years 2004, 2007, and 2008, respectively. Petitioner also managed a local airport (airport) on behalf of the city of Delphi, Indiana. For the 2007 and 2008 tax years petitioner received $6,500 of nonemployee compensation from the city of Delphi. In 2007 and 2008 petitioner also received income for consulting services.

Petitioner failed to timely file income tax returns for the years at issue. As a result, respondent filed a substitute for return (SFR) pursuant to section 6020(b) for each of the years at issue. Respondent issued petitioner notices of deficiency on December 20, 2010, for the 2004 and 2007 tax years and on April 15, 2011, for the 2008 tax year.

On March 2, 2012, long after the filing of the SFRs and the issuance of the notices of deficiency and only three days before trial, respondent received petitioner's delinquent joint income tax returns executed on February 29, 2012, by petitioner and his spouse, Judith L. Stirm, for the years at issue. Petitioner's delinquent returns reported income and expenses on Schedule C for each year. The Schedule C for each year showed the business name as Stirm Enterprises and the nature of the business as aviation services. The notices of deficiency already included in petitioner's income for 2007 and 2008 the amounts of gross receipts reported on Schedules C for 2007 and 2008, which consisted of the income from the City of Delphi and the consulting services. The Schedule C for 2004 reported gross receipts of $2,500 which had not been included in petitioner's income in the notice of deficiency for 2004. The notices of deficiency had not allowed deductions for any of the expenses that petitioner claimed on Schedules C for the years at issue. All of these claimed deductions are in issue. Schedules C showed net losses of $344, $4,512, and $80 for the taxable years 2004, 2007, and 2008, respectively.

## Discussion

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[3] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See also Ronnen v. Commissioner, 90 T.C. 74, 102 (1988); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business. Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du

---

[3]In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under sec. 7491(a). However, petitioner has not argued that the burden of proof should shift to respondent, nor has he maintained all required records and cooperated with respondent's requests as required by sec. 7491(a)(2)(A) and (B). Therefore, we hold that the burden of proof does not shift to respondent.

Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. However, section 262(a) disallows deductions for personal, living, or family expenses.

Issue 1. Expense Deductions Claimed on Schedules C

Airplane Insurance and Fuel

Petitioner claimed deductions for insurance expenses of $3,473 and $3,321 on Schedules C of his 2007 and 2008 Federal income tax returns. Petitioner claimed deductions for fuel expenses of $1,078, $3,504, and $785 on Schedules C of his 2004, 2007, and 2008 Federal income tax returns, respectively. Respondent contends that none of these expenses should be allowed for the years at issue.

First, we note that petitioner did not offer any evidence to demonstrate that he purchased $1,078 of fuel for the 2004 tax year. Accordingly, we hold that petitioner is not entitled to a deduction for fuel purchases for the 2004 tax year.

At trial petitioner testified that he was in the flight training and airplane rental business. Petitioner contends that he should be permitted to deduct airplane

insurance and fuel expenses as these are legitimate costs of his flight training and airplane rental business.

We note that the only gross receipts reported on Schedules C of petitioner's 2007 and 2008 tax returns consisted of income from his consulting work and his airport management job with the city of Delphi. In other words, the Schedules C indicate that petitioner had zero revenue from a flight training and airplane rental business for 2007 and 2008. The fact that petitioner reported no revenue from a flight training and airplane rental business weighs against finding that he was in such a business.

Petitioner testified that he and five other people purchased a plane that he used for flight training and renting. However, petitioner provided no documentation to substantiate the ownership of an airplane. We also note that petitioner did not claim any deductions for depreciation of an airplane for the years at issue. The fact that petitioner failed to demonstrate that he owned an airplane further weighs against finding that petitioner incurred expenses in conducting a flight training and airplane rental business.

Additionally, petitioner failed to demonstrate that the airplane insurance and fuel expenses were "directly connected with or pertaining to the taxpayer's trade or business" of airport management and consulting. See sec. 1.162-1(a), Income Tax

Regs. Accordingly, we hold that petitioner is not entitled to deduct airplane insurance and fuel expenses for the 2007 and 2008 tax years.

Interest Expense

Petitioner claimed deductions for interest expenses of $7,978 and $5,722 on Schedules C of his 2007 and 2008 Federal income tax returns. Respondent contends that no amount of the claimed interest expense should be allowed for 2007 and 2008.

The interest expenses relate to monthly finance charges incurred on petitioner's three credit cards. Petitioner offered into evidence monthly credit card statements for 2007 and 2008. The credit card statements show transactions at Pizza Hut, Taco Bell, Cracker Barrel, and Dairy Queen, among other places. The credit cards were issued in petitioner's name and not in the name of a business. Petitioner offered no testimony or other evidence to prove that the balances and transactions on the credit card statements were business expenses as opposed to personal expenses. Section 262 expressly disallows deductions for personal, living, or family expenses. We find that petitioner has not proven that the balances and transactions on the credit card statements are business expenses as opposed to nondeductible personal expenses. Accordingly, we hold that petitioner

is not entitled to deduct the finance charges as interest for the 2007 and 2008 tax years.

Vehicle Rent and Maintenance Expenses

Petitioner claimed deductions for vehicle rent expenses of $675, $1,068, and $1,246 on Schedules C of his 2004, 2007, and 2008 Federal income tax returns, respectively. Petitioner claimed deductions for maintenance expenses of $1,091, $2,305, and $3,148 on Schedules C of his 2004, 2007, and 2008 Federal income tax returns, respectively. Respondent contends that none of the claimed vehicle rent or maintenance expense deductions should be allowed for the years at issue.

At trial petitioner testified that he hired his father to perform lawncare and maintenance services at the airport. Petitioner testified that the vehicle rent expenses were for the rental of his father's tractor to mow the grass at the airport. Petitioner testified that the maintenance expenses were for payments to his father to perform lawncare and general maintenance duties at the airport. Petitioner offered into evidence three bills that he said his father prepared that purport to be annual charges for vehicle rental and maintenance services. The bills were not addressed to petitioner or petitioner's business. The Court is not able to determine if these bills were paid by petitioner or if the bills were paid at all. Since we are unable to

determine that petitioner paid the bills, we hold that petitioner is not entitled to deduct these expenses for the years at issue.

Issue 2.  Additions to Tax

Respondent determined that petitioner is liable for additions to tax pursuant to section 6651(a)(1) and (2) for the years at issue.  Respondent has the burden of production with respect to these additions to tax.  See sec. 7491(c).  To meet this burden, respondent must produce evidence showing that the additions to tax are appropriate.  See id.; Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent satisfies this burden, petitioner has the burden of proof with respect to reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  The addition to tax is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.  Id.

Petitioner did not timely file Federal income tax returns for the years at issue. Thus, we find that respondent has met his burden of production.

Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%.[4] Id.

Under section 6020(b), when a taxpayer fails to file a return required by law, the Commissioner (acting for the Secretary of the Treasury) may make a return from such information as he can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of determining the amount of the addition under section 6651(a)(2).

Petitioner failed to file Federal income tax returns for the years at issue. Pursuant to section 6651(g)(2) the SFRs respondent made are treated as petitioner's tax returns. Petitioner failed to pay the amounts of tax shown on the SFRs for 2004, 2007, and 2008. Therefore, respondent has met his burden of production.

---

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month for which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

Reasonable Cause

We consolidate our discussion of reasonable cause under section 6651(a)(1) and (2) because the standards have been interpreted to be synonymous. See Russell v. Commissioner, T.C. Memo. 2011-81, 2011 Tax Ct. Memo LEXIS 80, at *24-*25. Petitioner must prove that his failure to file timely and to pay timely was due to reasonable cause and not willful neglect. See Higbee v. Commissioner, 116 T.C. at 446-447. Petitioner contends that his failure to file timely and to pay timely was due to the fact that he did not have sufficient time to prepare his tax returns given his responsibilities to Purdue University, the airport, and his own business. Reasonable cause may be found where the taxpayer has exercised ordinary business care and prudence but was nevertheless unable to file the return or pay the tax within the dates prescribed by law. See United States v. Boyle, 469 U.S. 241, 246 (1985); Ditaranto v. Commissioner, T.C. Memo. 2012-205, 2012 Tax Ct. Memo LEXIS 206, at *8; sec. 301.6651-1(c), Proced. & Admin. Regs. Reasonable cause has been found to not exist where a taxpayer continues his business activities but nevertheless fails to satisfy his tax responsibilities. Ditaranto v. Commissioner, 2012 Tax Ct. Memo LEXIS 206, at *10. Petitioner was able to successfully perform his employment and business activities. Additionally, petitioner's pattern of not filing timely returns weighs against finding reasonable cause. See Hardin v.

<u>Commissioner</u>, T.C. Memo. 2012-162, 2012 Tax Ct. Memo LEXIS 162, at *9.  As a result, we conclude that petitioner lacked reasonable cause for his failure to file timely returns and to pay the tax timely.  Accordingly, we hold that petitioner is liable for additions to tax under section 6651(a)(1) and (2).

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.